**Jimmy George BOGGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0155–CR.**

Court of Appeals of Texas,
Tyler.

Oct. 28, 1982.

Chad Cable, Sulphur Springs, for appellant.

James L. Chapman, Sulphur Springs, for appellee.

SUMMERS, Chief Justice.

This is an appeal from a conviction by a jury for the offense of driving while intoxicated, subsequent offense. The defendant elected to plead guilty before the jury and the trial progressed to the punishment phase. The jury assessed appellant's punishment at confinement in the Texas Department of Corrections for a term of five years.

We affirm.

Appellant asserts two grounds of error. In his first ground he contends that his fifth amendment guarantee against self-incrimination was violated by the prosecutor's comments on the failure of the accused to testify. During the District Attorney's final argument to the jury at the punishment phase he made the following remarks:

... Somebody that's just starting out and made a mistake? Is that Jimmy George Boggs? No. Is it somebody that has a family and a good job? Somebody who is an asset to the community and contributes to the community? Is that Jimmy George Boggs? If it is it is certainly not in evidence in this case....

It is a man, however, that has shown a repeated history of violations of the law starting with a burglary conviction in 1961? That's Jimmy George Boggs. You see, folks, he had his probation twenty years ago. You examine their records and is this a burglary conviction? And what has happened since then? It's in evidence right here.... But, I would ask you to assess a stiff penalty on a repeat criminal violator. A repeat felony criminal violator. A man who over twen-

ty years has shown that he doesn't think the law applies to him. A man who in fact produced no evidence on this witness stand from his friends and neighbors or his family that could say one good thing about him.

 The record reflects that appellant did not object when this alleged improper argument occurred. Where error, if any, has not been preserved for review, then appellant may not complain on appeal. *Carrillo v. State,* 566 S.W.2d 902, 912 (Tex. Cr.App.1978).

However, in the interests of justice we have examined the record and do not find that the prosecutor's remarks amounted to a comment on appellant's failure to testify. In *Bird v. State,* 527 S.W.2d 891, 894 (Tex. Cr.App.1975), the test is set forth in determining whether argument by the prosecutor offends the statute prohibiting comment on defendant's failure to testify.[1] The test is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on defendant's failure to testify. In applying this test, facts and circumstances of each case must be analyzed to determine whether language used was of such character. In *Watts v. State,* 630 S.W.2d 737, 739 (Tex.App.— Houston [1st Dist.] 1982, no writ), the court held that where the State's argument can be reasonably construed as referring to the accused's failure to produce other testimony than his own, it is not improper. This is the nature of the subject remarks by the prosecutor when he referred to "... his friends and neighbors or his family...." Appellant's first ground of error is overruled.

In appellant's second ground of error he contends that "... the court erred in allowing the introduction of a prior extraneous offense so irrelevant that it was inherently prejudicial and inflammatory." The record shows that the court admitted into evidence at the punishment phase of the trial, State's Exhibit 6 and 6–A through 6–C over the objection of defense counsel on grounds of relevancy. These exhibits constitute the record of defendant's conviction and suspended sentence for burglary in 1961. We do not find any merit in appellant's contention.

In view of the plea of guilty before the jury the only issue before them was that of punishment. Article 37.07, § 3(a) V.A.C. C.P.,[2] specifically provides that the prior criminal record of a defendant is admissible at the punishment phase of the trial. *Christiansen v. State,* 575 S.W.2d 42, 46 (Tex.Cr.App.1979); *Rose v. State,* 470 S.W.2d 198, 200 (Tex.Cr.App.1971); *Martin v. State,* 463 S.W.2d 449 (Tex.Cr.App.1971) and *Ingram v. State,* 426 S.W.2d 877, 878 (Tex.Cr.App.1968). Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.

---

1. Art. 38.08 V.A.C.C.P. provides that:
   Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause. See also Article 1, Sec. 10, Texas Constitution.

2. This statute provides:
   Evidence of prior criminal record in all criminal cases after finding of guilty (a) regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a full conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.