Thomas Kent FOREMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–87–00053–CR.

Court of Appeals of Texas, El Paso.

Dec. 30, 1987.

John W. Cliff, Jr., Smith & Cliff, P.C., Odessa, for appellant.

R.C. "Eric" Augesen, Dist. Atty., Odessa, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

This is an appeal from a conviction for aggravated sexual assault. The jury assessed punishment at imprisonment for sixty years. We affirm.

Appellant's sole point of error asserts that the evidence was insufficient to prove the alleged aggravating element, that by acts and words he placed the victim in fear of the imminent infliction of death or serious bodily injury. Tex.Penal Code Ann. sec. 22.021(a)(2) (Vernon Supp.1988).

Appellant's primary argument is that, despite the repeal of former Penal Code Section 21.03, we should adhere to certain language in *Rucker v. State*, 599 S.W.2d 581 (Tex.Crim.App.1979), suggesting that conviction upon this theory of aggravation necessitates proof of either an express verbal threat of death or serious bodily injury to be imminently inflicted, the use of a deadly weapon, or the actual infliction of serious bodily injury. Appellant further contends that more recent contrary decisions by various courts of appeals under Section 22.-021(a)(2) are without merit. See, e.g., *Dacquisto v. State*, 721 S.W.2d 603 (Tex.App.—Amarillo 1986, no pet.); *Dodson v. State*, 699 S.W.2d 251 (Tex.App.—Tyler 1985, no pet.); *Harris v. State*, 666 S.W.2d 537 (Tex.App.—Austin 1984, no pet.); *Seek v. State*, 646 S.W.2d 557 (Tex.App.—Houston [1st Dist.] 1982, no pet.). We disagree.

Section 22.021(a)(2) substantially changes the phrasing of this theory of aggravation from former Section 21.03(a)(2). Furthermore and even more telling is the fact that the forms of aggravation proof demanded by *Rucker* are now in fact separate and distinct theories of aggravation under Section 22.021(a)(1) and (4). These changes clearly evidence a legislative intent to supersede *Rucker*.

■ Before addressing the sufficiency of the evidence in this case, we offer two further preliminary conclusions we have reached concerning the applicable law in this area. First, we agree with Appellant that, when the aggravation set out in Subsection (a)(2) must be inferred from physical conduct and words of the actor not expressly stating the requisite threat, the words and conduct must amount to more than the quantum of forcefulness needed for a simple sexual assault conviction under Tex.Penal Code Ann. sec. 22.011(b)(2) (Vernon Supp.1988)

■ Second, we find that the change in the phrasing of Section 22.021(a)(2) has shifted the focus of the aggravating element, the proof required and the appropriate appellate perspective. Under former Section 21.03(a)(2), the focus was exclusively upon the physical and verbal conduct of the accused and whether it amounted to a threat of imminent infliction of death or serious bodily injury. Under the phrasing of Section 22.021(a)(2), the necessary element is the victim's state of fear of imminent infliction of death or serious bodily injury due to the defendant's acts or words. This is a very real and very significant change. Now, the jury is mandated to assess first if that state of fear in fact existed. Normally, such proof will come from the victim's testimony. The defendant's conduct is then assessed to determine if it was the producing cause of such fear and whether the subjective state of fear was reasonable in light of such conduct. This legislative shift in focus, coupled with the established evidentiary review doctrine of assessing the evidence in a light most favorable to the verdict, of course places would-be sexual assailants in greater jeop-

ardy of aggravated convictions. It is not simply an objective test of their conduct which is currently controlling, but rather the reasonableness of their victim's subjective responsive fears which will determine the degree of offense. The true tenor of the change mandated by Section 22.-021(a)(2) was touched upon by the Amarillo Court of Appeals in *Dacquisto, supra,* at 604:

> Thus, if the aggravating element exists, it must come primarily from the nature of appellant's acts and the depth of his victim's fear.

To the extent they are entitled, individuals such as Appellant are insulated from aggravated conviction upon extreme and irrational subjective fear by the victim through the requirements of causation and reasonableness of the victim's subjective anticipation of imminent death or serious bodily injury.

Turning to the record before us, we find that the complainant was asleep in bed with her fifteen-year-old daughter. Appellant forced entry into their home through a bathroom window. The daughter woke up and screamed when Appellant entered the bed and touched her. Her scream awakened the complainant. Appellant jumped on the complainant and said he was going to rape them and kill them. He threatened to kill them if they did not do what he said. Appellant sought oral sex from the daughter, but the complainant volunteered to perform that act in lieu of the daughter. Appellant threatened to kill them both if she "didn't do it right." Following Appellant's direction, the complainant sat on the edge of the bed and performed the sexual act. The women managed to avoid Appellant's instructions that the daughter simultaneously perform oral sex on the mother. While engaged in the act, the complainant managed to remove a pistol from the nightstand. She pressed it to Appellant's side and squeezed the trigger. Unfortunately, it was unloaded. A struggle ensued. The gun was thrown under the bed. The daughter fled to the living room, pursued by the Appellant and her mother. There was a brief struggle there before Appellant fled out the front door.

■ We find the evidence sufficient to support the finding as to aggravation, whether under the current standard as we interpret it or under the standard urged by Appellant. In *Blount v. State,* 542 S.W.2d 164 (Tex.Crim.App.1976); *Rogers v. State,* 575 S.W.2d 555 (Tex.Crim.App.1979), the Court of Criminal Appeals did characterize the express threats as conditional. Appellant underlines "conditional," but the true significance is that the threatened death was not imminently to be inflicted. It was conditional not upon the immediate behavior of the victim but some future possible behavior. Thus, the express threats in those cases did not satisfy the statute for two reasons: (1) The threats were not utilized to accomplish the rape but to discourage future reporting of the crime, and (2) consequently, the time of infliction would be dependent on future, speculative behavior of the victim.

The fact that a threat of death or serious bodily injury is conditional upon the victim's behavior does not always present such a circumstance. Indeed, every rape in which immediate submission is obtained by threat contemplates a conditional threat. The instant case is a perfect example and differs radically from the conditional threat of remote, future harm in *Blount* and *Rogers.* Here, the threat was of imminent death, utilized to compel submission to the rape itself and conditioned upon the immediate behavioral response of the victim. Point of Error No. One is overruled.

The judgment is affirmed.