Myron Wade KEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–87–01157–CR.

Court of Appeals of Texas,
Dallas.

Jan. 31, 1989.

they met, they had drinks at a club, dinner, and then appellant took the complainant home. Three days later, appellant met the complainant at a club for drinks. Appellant again drove her home, but on this occasion he allegedly sexually assaulted her. The complainant, who was a former rape counselor, testified that, in order to prevent further harm, she passively resisted the attack and did not "fight back." Appellant never disputed the fact that he had sexual relations with the complainant; his defense was that she consented.

The State called as its first witness Sue James, a counselor for the Rape Crisis Center.[2] James testified concerning the classifications of rapists and the victims' reactions to these rapists. She testified about how rapists choose their victims and explained that it was not uncommon for a rapist to establish a brief relationship with the victim, i.e. to be seen in public with the victim, before raping her so that she would be unsuspecting of any potential danger and so that her credibility would be diminished. Appellant contends that the admission of this testimony over objection was error because it was inadmissible under Texas Rules of Criminal Evidence 702, governing the use of expert testimony.

Lawrence B. Mitchell, Dallas, for appellant.

Leslie McFarland, Dallas, for appellee.

Before STEWART, KINKEADE and OVARD [1], JJ.

STEWART, Justice.

Myron Wade Key was convicted by a jury of aggravated sexual assault. The trial court assessed punishment at twenty years' confinement. In two points of error, appellant contends that the trial court erred in admitting testimony of an expert witness because such testimony was not admissible under Texas Rule of Criminal Evidence 702 and because the prejudicial value of the testimony outweighed its relevance to the case. We disagree. Accordingly, we affirm.

At trial, the only contested issue was the complainant's consent to the sexual intercourse. It was undisputed that she met appellant at a party a few days before the alleged rape occurred, and that the day

## I. *Expert Testimony*

■ Expert testimony in a criminal proceeding is admissible only when 1) the witness is competent and qualified to testify; 2) the testimony will assist the jurors, as triers of fact, in evaluating and understanding matters not within their common experience and 3) the testimony's probative value outweighs its prejudicial effect. *Kirkpatrick v. State,* 747 S.W.2d 833, 834 (Tex.App.—Dallas 1987, pet. ref'd) (citing *Chambers v. State,* 568 S.W.2d 313 (Tex. Crim.App.1978), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979) and TEX.R.CRIM.EVID. 702, 403). The review by this court of the trial court's admission

1. The Honorable John Ovard, Justice, succeeded the Honorable Joseph A. Devany, Justice, at the expiration of his term, which was between the time the case was submitted and the time it was decided. Justice Ovard has reviewed the tape recording of oral argument as well as the briefs and record before the Court.

2. Appellant does not contest the qualifications or classification of James as an expert witness.

of expert testimony is limited to whether the trial court abused its discretion. *Steve v. State,* 614 S.W.2d 137, 139 (Tex.Crim. App.1981).

Appellant has not challenged the competency or qualifications of James; instead he argues that the issue of consent is not one upon which expert testimony would assist the jury; that the matter of consensual sex relations between adults is one of common knowledge; and that the description of the events and circumstances themselves and the credibility of the witnesses will determine whether the complainant consented to the sexual activity. Because of the peculiar facts of this case, we disagree.

Appellant and the complainant both admitted that they were acquainted and had had a prior date. In common parlance, sexual assault of an acquaintance is called "date rape." *See* Dolphin, *Rape on Campus; Wild Parties and Fears about Walking Alone,* MACLEAN'S, Oct. 31, 1988 at 56; Leo, *When the Date Turns into Rape,* TIME, March 23, 1987 at 77; *see also* Estrich, *Rape,* 95 YALE L.REV. 1087, 1092 (1986). Although not an entirely new phenomenon, this type of attack has recently come to the public's attention and has been prosecuted more often. Estrich, 95 YALE L.REV. at 1092. However, many people are not familiar with the circumstances of "date rape." Massaro, *Experts, Psychology, Credibility, and Rape: The Rape Trauma Syndrome Issue and Its Implications for Expert Psychological Testimony,* 69 MINN.L.REV. 395, 404 (1985). In a situation where a rape victim admittedly is acquainted with the rapist, there is much skepticism concerning consent. *See* Estrich, 95 YALE L.REV. at 1909–91.

The most recent opinion of the Court of Criminal Appeals dealing with expert opinion is *Fielder v. State,* 756 S.W.2d 309 (Tex.Crim.App.1988). In *Fielder,* the defendant was convicted of voluntary manslaughter of her husband. She pleaded self-defense. To establish her "fear" at the time of the offense, she testified to past violent encounters with the deceased. *Id.,* at 319. The State suggested that the conduct of the defendant in staying in an abusive relationship negated her evidence of past violent acts and consequently, also negated the reasonableness of her alleged fear at the time of the shooting. To rebut the inference that her conduct in the prior relationship was inconsistent with her claim of fear of her husband, defendant offered an expert witness to explain why women stay in abusive situations. *Id.* at 316. The trial court excluded the expert's testimony. *Id.* The Court of Criminal Appeals held that the expert's testimony was admissible because the expert established that the average lay person has no basis for understanding the conduct of a woman who endures an abusive relationship and that, to the extent that the expert could explain that conduct in a way that the jury could infer that remaining in the relationship was consistent with fear of the abuser, the expert's testimony was of "appreciable aid" to the trier of fact. *Id.* at 321.

As in *Fielder,* we likewise conclude that the expert's testimony here assisted the jury in resolving a contested issue. As established by James, the average person does not understand how a rapist chooses his victim and might not understand the victim's passive conduct. Testimony that some rapists actually befriend their victims in order to raise doubts as to whether the victim consented and to make the victims trust them gave the jury a basis for inferring that, although the complainant had had a date with her alleged attacker on the night in question, the sexual activity that occurred when he brought her home was without her consent.

We hold that James's testimony was admissible because it presented a body of expertise, with which the jurors were unfamiliar, that was relevant in determining the issue of consent under the facts of this case. *Rose v. State,* 716 S.W.2d 162, 168 (Tex.App.—Dallas 1986, pet. ref'd). Thus, its admission was not violative of Texas Rule of Criminal Procedure 702. Accordingly, we overrule appellant's first point of error.

## II. *Probative Value v. Prejudice*

■ Appellant contends that, even if James's testimony was admissible under Rule 702, the evidence nevertheless violated Texas Rule of Criminal Evidence 403 because its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Appellant argues that the probative value of the evidence was minimal in that it was too general to aid the jury in resolving the contested issue of consent. Thus, he contends that any probative value was outweighed by the prejudice caused by the tendency of the evidence to bolster the victim's testimony.

■ In determining the admissibility of any type of evidence, the probative value of the evidence must be weighed against its prejudicial and inflammatory qualities. *Gardner v. State*, 711 S.W.2d 278, 279 (Tex.App.—Dallas 1986, pet. granted); *Salas v. State*, 629 S.W.2d 796, 798–99 (Tex. App.—Houston [14th Dist.] 1981, no pet.) Evidence that may have some relevance becomes inadmissible when its prejudicial and inflammatory effect outweighs its probative value. *Gardner*, 711 S.W.2d at 279. *See also Mallicote v. State*, 548 S.W.2d 42, 44 (Tex.Crim.App.1977).

Appellant argues that the expert's failure to relate general behavioral characteristics of rapists and rape victims to the facts as related by the victim in this case renders the testimony too general to be helpful to the jury. We disagree. This Court has held that the jury is granted the sole responsibility for relating a victim's behavior to the general classifications revealed by an expert's testimony. *See Kirkpatrick*, 747 S.W.2d at 835–36. We are persuaded that the jury was capable of such synthesis and that the expert's testimony was helpful in resolving the issue of consent. We conclude that the probative value of James's testimony was high.

Appellant argues that the testimony was extremely prejudicial because it made the victim's testimony more believable. We recognize this prejudicial potential; however, we hold that, under these facts, the probative value of the complained-of testimony outweighs its prejudicial effects, given the general nature of the expert's testimony. James drew no conclusions as to the truthfulness of the victim or the believability of her story. She only provided a context within which the jury might understand certain behavior. The testimony complained of did not directly concern this victim, this defendant or this sexual assault. Rather, the witness testified as to particular classifications and behavior patterns.

■ For the same reasons, we disagree with appellant's contention that James's testimony bolstered the later testimony of the complainant. "Bolstering" is defined as the use of one item of evidence by a party to improperly add credence or weight to some earlier unimpeached piece of evidence offered by the same party. *Livingston v. State*, 739 S.W.2d 311, 332 (Tex. Crim.App.1987). Assuming, without deciding, that a witness can bolster the testimony of a *subsequent* witness, we nevertheless conclude that James's testimony did not bolster that of complainant, because James did not testify to any of the facts later recounted by the complainant. Point of error two is overruled.

We conclude that the trial court did not abuse its discretion in admitting the expert witness's testimony.

Accordingly, we affirm the judgment of the trial court.

