Steven Charles LEGER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–88–320 CR.

Court of Appeals of Texas,
Beaumont.

June 28, 1989.

Discretionary Review Refused
Oct. 25, 1989.

George Barron, Orange, for appellant.

David P. Bosserman, Orange, for state.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury of aggravated sexual assault. The court found an enhancement allegation true, then assessed punishment of thirty years in the Texas Department of Corrections, and a fine of $2,500.00. Appellant urges four points of error.

■ The first point of error avers the trial court erred in denying a motion to quash the indictment. The indictment, in pertinent part, stated:

"STEVEN CHARLES LEGER did then and there intentionally and knowingly, by threatening to use force and violence against J— L—, and of which said threats J— L— believed STEVEN CHARLES LEGER had the ability to execute, cause the penetration of the female sexual organ of J— L—, a person not the spouse of STEVEN CHARLES LEGER by penetrating her female sexual organ with his penis without the consent of J— L—, and STEVEN CHARLES LEGER did then and there by acts and words place J— L— in fear that death, serious bodily injury and kidnapping would be imminently inflicted on J— L—...."

Appellant claims the word "present" should have preceded "ability" because *TEX.PENAL CODE ANN. sec. 22.011(b)(2)* (Vernon 1989) defines lack of consent where:

"... the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat...."

*Williams v. State*, 690 S.W.2d 656, 659 (Tex.App.—Dallas 1985), *rev'd on other grounds*, 719 S.W.2d 573 (Tex.Crim.App. 1986), held an indictment which omitted the word "present" before "ability" was not fundamentally defective because it included all the elements of the offense. They noted the indictment alleged the sexual assault was without the victim's consent and a definition of lack of consent was not essential. They then noted that the remedy was a motion to quash the indictment. In *Johnson v. State*, 623 S.W.2d 654 (Tex. Crim.App.1981), our highest criminal court held an indictment was not subject to quash because it failed to allege the circumstance which made the act of intercourse nonconsensual. They went on to state that the allegations of "force and threats" were sufficient to give notice on the kind of lack of consent upon which the state would base its case. The rationale is

equally applicable here. The indictment adequately put appellant on notice. We find no error in the trial court's failure to quash. Point of error number one is overruled.

■ Point of error two alleges error in the trial court's refusal to admit evidence of the victim's prior sexual conduct. The victim, outside the presence of the jury, testified she had worked as a topless dancer, had taken money for sex twice, and had lived with a man to whom she was not married. Appellant argues the testimony was admissible (1) on the issue of credibility, (2) in response to the state's opening the door, and (3) on the issue of consent. We address these contentions in reverse order.

*TEX.R.CRIM.EVID. 412* provides:

"(a) In a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, reputation or opinion evidence of the past sexual behavior of an alleged victim of such crime is not admissible.

"(b) In a prosecution for sexual assault or aggravated sexual assault, or attempt to commit sexual assault or aggravated sexual assault, evidence of specific instances of an alleged victim's past sexual behavior is also not admissible, unless:

"...

"(2) it is evidence (A) that is necessary to rebut or explain scientific or medical evidence offered by the state; (B) of past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior which is the basis of the offense charged; (C) that relates to the motive or bias of the alleged victim; (D) is admissible under Rule 609; or (E) that is constitutionally required to be admitted; and

"(3) its probative value outweighs the danger of unfair prejudice."

The rule is specific that only evidence of specific past sexual behavior with the *accused* is admissible on the issue of consent.

Appellant claims the following question opened the door:

"Q ...And your story is that this woman who you have never seen before in your life just comes on to you and then after you had sex with her she for no reason whatsoever starts yelling rape....

"A That's what I'm telling you."

The witness testified, as the question implies, that he was a participant in the episode and there was consensual sexual conduct between himself and the victim. This is not opening the door, but legitimate cross-examination.

*TEX.R.CRIM.EVID. 608(b)* provides:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence."

The rule is quite clear. The specific instances of misconduct could not be used to attack the victim's credibility. This point of error is overruled.

■ Point of error number three states the trial court erred in refusing a requested charge that would have required the jury to find that a reasonable person would have been placed in fear of death, serious bodily injury or kidnapping. Appellant bases his position on three cases which hold the standard of review of an aggravated sexual assault conviction is whether the acts or words of the accused were sufficient to place a reasonable person in the complainant's situation in fear of death, serious bodily injury or kidnapping. *Kowey v. State,* 751 S.W.2d 587 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd); *Foreman v. State,* 743 S.W.2d 731 (Tex. App.—El Paso 1987, no pet.); and *Dodson v. State,* 699 S.W.2d 251 (Tex.App.—Tyler 1985, no pet.). He further argues that since the sufficiency of the evidence is judged by a reasonable person standard, the jury should be informed of this standard. Appellant cites no authority for his position. We believe the jury was correctly charged.

■ The final point of error complains the evidence is insufficient to support the conviction because there is a fatal variance

between the allegation and the proof of the victim's name. Appellant offers this portion of the record in support of his position:

"Q Would you state your name for the record.

"A J— R— P—.

"Q P—. Ms. P—, do you also go by the name of —— or have you also gone by the name of J— L—?

"A Yes, Sir."

*TEX.CODE CRIM.PROC.ANN. art. 21.-07* (Vernon 1989) provides:

"In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment."

The indictment alleged an aggravated sexual assault of J— L—. The victim testified she had gone by the name of J— L—. While the testimony is not in the exact language of Article 21.07, "gone by" and "known by" are essentially the same concept. The judgment is affirmed.

AFFIRMED.