James Edward PERRYMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–00882–CR.

Court of Appeals of Texas, Dallas.

Aug. 31, 1990.

Rehearing Denied Oct. 31, 1990.

Randy Schaffer, P.C., Houston, for appellant.

J. Bryan Clayton, McKinney, for appellee.

Before WHITHAM, OVARD and WHITTINGTON, JJ.

## OPINION

OVARD, Justice.

James Edward Perryman was convicted by a jury of aggravated sexual assault and sentenced to ninety-nine years' confinement and a $10,000 fine. In five points of error, Perryman challenges the sufficiency of the evidence; the constitutionality of section 22.021 of the Texas Penal Code; and the trial court's rulings on his request to include a jury instruction on the lesser included offense of sexual assault, his objection to the testimony of a detective regarding psychological profiles of rapists, and his objection to the admission into evidence of the results of DNA testing. Because we agree with Perryman's contention that the trial court erred in admitting the detective's testimony, we reverse the trial court's judgment and remand the cause for a new trial.

In his fourth point of error, Perryman complains of Detective Keith Grisham's testimony regarding the psychological profile of the victim's assailant, which the State offered as expert testimony. The detective described his training and education in the development and use of psychological profiles of suspects. He then

explained that, through use of information provided by the victim regarding the offense, he was able to develop a psychological profile of the victim's assailant. The detective concluded that the assailant was an experienced offender who he categorized as a "power reassurance rapist." This type of rapist, according to the detective's testimony, carefully selects his victims, waits for the right opportunity, and uses just enough force to overcome his victim. Perryman objected to this testimony on the ground that the detective was not competent to render expert psychological testimony. On appeal, Perryman again argues that Detective Grisham was not competent to testify as an expert and additionally argues that the testimony should not have been allowed due to its irrelevance. While an objection to expert testimony based on the competency of the witness is a general objection, we find it adequate to shift the burden to the State to establish all requisites for admissibility. *See Holloway v. State,* 613 S.W.2d 497, 502 (Tex.Crim. App.1981). Therefore, the point of error having been preserved, we will consider both the detective's competency to testify as well as the relevance of the testimony.

■ Alternatively, even if the objection has not properly been preserved, we determine that the point of error should be reviewed in the interest of justice. The general rule is that, when an error has not been preserved for review, then appellant may not complain on appeal. *Boggs v. State,* 643 S.W.2d 180, 182 (Tex.App.—Tyler 1982, no pet.) (citing *Carrillo v. State,* 566 S.W.2d 902, 912 (Tex.Crim.App. [Panel Op.] 1978)). However, in the interest of justice, this Court may examine the record. *Boggs,* 643 S.W.2d at 182. Arguably, in the case at bar, appellant's point of error on appeal concerns the relevancy of the expert testimony while appellant's objection at trial addressed the competency of the expert. The testimony conveyed to the jury the opinion that Perryman was a "power reassurance rapist," thus implying the conclusion that he was a recidivist offender who had committed repetitive offenses against women. An accused has the right to be tried for the particular offense alleged and should not be tried for being a criminal generally. *Crank v. State,* 761 S.W.2d 328, 341 (Tex.Crim.App. 1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989).

■ Ordinarily, opinion evidence is inadmissible because it is not based upon personal knowledge of the existence of facts capable of being proved by direct evidence. *Holloway,* 613 S.W.2d at 500. But when the jurors are not competent to infer, absent testimony from one having superior knowledge, the probable existence of the facts to be ascertained, or the likelihood of their occurring from other facts actually proved, expert opinion evidence is admissible. *Id.* at 500–01; TEX.R.CRIM. EVID. 702. The burden of establishing the admissibility of an expert's opinion rests on the party offering such evidence. *Holloway,* 613 S.W.2d at 501. The special knowledge which qualifies a witness to give an expert opinion may be derived entirely from a study of technical works, or specialized education, or practical experience, or varying combinations thereof. *Id.* The trial court has discretion to determine whether a witness offered as an expert is qualified. *Acosta v. State,* 752 S.W.2d 706, 710 (Tex.App.—Corpus Christi 1988, pet. ref'd). The trial court's decision to admit or exclude the testimony will not be disturbed absent a clear abuse of discretion. *Steve v. State,* 614 S.W.2d 137, 139 (Tex. Crim.App. [Panel Op.] 1981); *Acosta,* 752 S.W.2d at 710.

■ In the instant case, the State laid the predicate for determining the officer's expertise by establishing that the officer had practical experience in dealing with sexual assaults, specific training in psychological profiling, and previous experience using the profiling technique. Based on the facts of this case, we determine that the trial court did not abuse its discretion in determining that the officer was competent to testify as an expert. However, the trial court is also compelled to follow Texas Rule of Criminal Evidence 702 and may not allow expert testimony that does not meet that rule's requirements. Rule 702 re-

quires that expert testimony be such that it will assist the trier of fact to understand the evidence or to determine a fact in issue. TEX.R.CRIM.EVID. 702; *see also Hopkins v. State*, 480 S.W.2d 212, 218 (Tex.Crim.App. 1972). The question of whether the subject in issue is one upon which expert opinion would assist the jury is a question for the trial court to decide and not a matter of "weight" to be determined by the jury. *Holloway*, 613 S.W.2d at 501.

■ At the guilty/not guilty phase, the State offered opinion testimony as to the psychological profile of the assailant. At this phase of the trial, the issues were: (1) what crime was committed; and (2) who committed the crime. The expert's opinion as to the type of assailant that matched the profile could not assist the trier of fact in determining either of the issues. First, the opinion that the assailant in this case was a "power reassurance rapist" did not assist the jury in identifying Perryman because no evidence established that Perryman was this type of rapist. Second, the profile testimony did not enhance the determination of whether the assault was aggravated because the aggravation issue is a function of the assailant's objective acts or words combined with the victim's subjective state of mind; this testimony went to the assailant's subjective intent. *Foreman v. State*, 743 S.W.2d 731, 732 (Tex.App.—El Paso 1987, no pet.). As a result of the admission of this testimony, the assailant was classified as an experienced rapist (i.e., one who has perpetrated other similar criminal acts). The evidence clearly showed that Perryman was the assailant. As a result, the effect of this opinion testimony was to portray Perryman as a specific type of recidivist rapist rather than to assist the jury's determination of a fact issue.

This Court has recently addressed the issue of whether expert testimony is of assistance to the jury. In *Key v. State*, 765 S.W.2d 848 (Tex.App.—Dallas 1989, pet. ref'd), this Court held that expert testimony on the issue of consent in an alleged "date rape" case was admissible because it would assist the jury. *Id.* at 850. This Court relied on the Court of Criminal Ap-

peals decision in *Fielder v. State*, 756 S.W.2d 309 (Tex.Crim.App.1988), which held that expert testimony is admissible where the testimony would be of "appreciable aid" to the trier of fact. *Key*, 765 S.W.2d at 850 (citing *Fielder v. State*, 756 S.W.2d at 321). This court also noted that the expert testimony in *Key* assisted the jury in resolving a contested issue. *Key*, 765 S.W.2d at 850. The case at bar is distinguishable from *Key* because the admitted testimony did not go to the resolution of any issue; neither the determination of the crime committed nor the identity of the assailant was ascertainable from the testimony. Thus, Detective Grisham's testimony did not aid the jury in understanding any other evidence presented. We hold, based on the facts of this case, that the trial court abused its discretion by admitting opinion testimony that could not "assist" the jury as required by rule 702.

■ Further, expert testimony in a criminal proceeding is admissible only when the testimony's probative value outweighs its prejudicial effect. *Holloway*, 613 S.W.2d at 502; *Key*, 765 S.W.2d at 849; TEX.R.CRIM.EVID. 403. In *Key*, this Court held that the probative value of expert testimony outweighed its prejudicial effect. *Key*, 765 S.W.2d at 851. Similar to the case at bar, the expert witness in *Key* testified as to the particular classifications and behavior patterns of rapists. However, in *Key*, the testimony did not directly concern the victim, defendant, or the specific sexual assault at issue; the testimony concerned general behavioral characteristics of rapists. *Id.* Conversely, the testimony in the case at bar concerned the particular sexual assault at issue and the specific victim. Though the testimony characterized rapists in general, it related to this particular defendant. Evidence should be excluded when its prejudicial and inflammatory effect outweighs its probative value. *Id.* The probative value of characterizing the assailant in this case as a "power reassurance rapist" at the guilty/not guilty phase was minimal because it proved neither the identity of the defendant nor the crime committed. The testimony was prejudicial because it im-

plied that Perryman was an experienced, habitual rapist. We conclude that the prejudicial and inflammatory effect of the opinion testimony clearly outweighed its probative value and that it was error for the trial court to admit it.

 Because we have found error, this Court shall reverse the judgment below unless we determine, beyond a reasonable doubt, that the admission of the expert's opinion made no contribution to the conviction or to the punishment of the defendant. Tex.R.App.P. 81(b)(2). In applying this rule, the Texas Court of Criminal Appeals has instructed:

> [a]n appellate court should be concerned with the integrity of the process leading to the conviction.... [T]he court should examine the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, and its probable collateral implications.... [T]he court should consider how much weight a juror would probably place upon the error.... [T]he court must also determine *whether declaring the error harmless would encourage the State to repeat it with impunity*.... [T]he reviewing court should focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making; it should ask not whether the jury reached the correct result, but rather whether the jurors were able properly to apply law to facts in order to reach a verdict.... [T]he reviewing court must focus upon the process and not on the result.... [A] reviewing court must always examine whether the trial was an essentially fair one. If the error was of a magnitude that it disrupted the juror's orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted ... [I]t is the effect of the error and not the other evidence that must dictate the reviewing court's judgment.

*Harris v. State*, 790 S.W.2d 568, 587–88 (Tex.Crim.App.1989) (emphasis added). The admitted testimony labeled the assailant as a "power reassurance rapist." This characterization of the defendant, when identified as the assailant, becomes harmful. The witness testified that a "power reassurance rapist" was experienced, suggesting that the assailant was a repeat offender. Applying the above mentioned standard and considering the testimony, the fact that there is nothing in the record to show Perryman had any prior convictions, and given the jury sentence of ninety-nine years, it cannot be said that, beyond a reasonable doubt, the error in admitting the testimony did not contribute to the conviction or punishment.

Upon examining the record, we determine that the error in admitting the expert testimony was harmful and requires reversal of the conviction notwithstanding the fact that Perryman voiced a general competency objection at trial and now urges that objection coupled with a relevancy objection. Our review of this point is consistent with *Holloway* and in the interest of justice. Point of error number four is sustained.

Due to our ruling on point four, we need not engage in lengthy discussion of Perryman's other points of error. However, because a new trial is ordered, additional comments are necessary.

 In his first point of error, Perryman contends that, while the evidence is sufficient to prove a sexual assault, it is insufficient to prove an aggravated sexual assault. Perryman would have this Court focus on his objective conduct in determining whether the alleged aggravating element has been proved. He argues that we should not focus on the victim's subjective state of mind.

The applicable statute states:

> (a) A person commits an offense:
>> (2) if:
>>> (A) the person:
>>> (ii) by *acts* or *words places the victim in fear* that death, serious bodily injury, or kidnapping will be imminently inflicted on any person;

Tex.Penal Code Ann. § 22.021(a)(2)(A)(ii) (Vernon 1989) (emphasis added). The fact

finder is statutorily directed to determine whether a victim was placed in fear and whether that fear was due to conduct or words of the alleged attacker. Normally, the victim's state of fear is established through his or her testimony. The defendant's conduct is then examined to determine whether it was the producing cause of such fear and whether the subjective state of fear was reasonable in light of such conduct. *Foreman*, 743 S.W.2d at 732. We reject Perryman's suggestion to consider only his objective conduct as well as his allegation that the statute requires us to consider only the victim's subjective state of mind. It is not only an objective test of the assailant's conduct which is controlling, but additionally, the reasonableness of the victim's subjective fears must be considered. *Id.* at 733. We conclude that a reasonable trier of fact could have found Perryman guilty of aggravated sexual assault based on his actions in forcing his way into the victim's apartment, locking the door, repeatedly pushing the victim to the floor and placing a dishtowel over her face so as to impair her breathing to the point of nearly fainting. Point of error one is overruled.

■ In his second point of error, Perryman contends that section 22.021 of the Texas Penal Code is unconstitutional as applied to him. He claims to have been denied due process and equal protection. He argues that it is fundamentally unfair to increase the level of the offense from sexual assault to aggravated sexual assault where the only determining factor is the state of mind of the victim. His argument would have merit if the trier of fact focused only on the subjective feelings of the victim, and the identical conduct could be punished differently depending on how it affected various victims. However, as we have previously explained in our discussion under point of error number one, Perryman has incorrectly identified the test for determining whether the element of aggravation exists. Applying the correct test, as set out above, to the facts of this case does not infringe on Perryman's due process or equal protection rights. Section 22.021 of the Texas Penal Code is not un-

constitutional as applied to Perryman. *See Foreman*, 743 S.W.2d at 732–33; TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). Point of error number two is overruled.

■ In his third point of error, Perryman contends the trial court erred in refusing to include in the jury charge an instruction on the lesser included offense of sexual assault. The Texas Court of Criminal Appeals has held that:

> [I]n determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.

*Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.App. [Panel Op.] 1981) (op. on reh'g). By definition, sexual assault is a lesser included offense of aggravated sexual assault. Therefore, the first prong of the test is satisfied. Again, we reject Perryman's contention that the only distinction between sexual assault and aggravated sexual assault is the subjective mental state of the victim. As stated above, there was sufficient evidence for the jury to have found the element of aggravation. Perryman presented no evidence concerning the elements of the offense as charged, nor was there any evidence that raised only the lesser offense. Therefore, the second prong of the test was not satisfied and he was not entitled to a charge on the lesser included offense of sexual assault. Point of error number three is overruled.

In his final point of error, Perryman contends the trial court erred in admitting evidence of DNA test results. The objection at trial was that DNA testing has not yet gained general acceptance in the scientific community. This Court has recently held that such DNA testing is reliable and has gained general acceptance in the scientific community. *Glover v. State*, 787 S.W.2d 544, 548 (Tex.App.—Dallas 1990, no pet.). Point of error number five is overruled.

For the reasons set forth above, the judgment is reversed and the cause remanded to the trial court for a new trial.