NO. 07-02-0363-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 20, 2003



______________________________




NOEL TAYLOR, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 43,185-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

 On May 7, 2001, as a result of his plea of guilty to the charge of robbery, and a plea
bargain agreement, appellant was granted deferred adjudication and was placed on
probation (community supervision) for a period of three years. On June 27, 2002, after a
hearing on the State's application to revoke probation and proceed to adjudication, the trial
court revoked the probation and ordered appellant to serve 12 years confinement in the
Institutional Division of the Department of Criminal Justice.

 On January 15, 2003, appellant's appellate counsel filed an Anders brief with this
court. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967). In his brief, counsel certifies that after careful examination of the record, he has
concluded that appellant's appeal is without merit. In his brief, counsel certified that he
supplied a copy of the brief to appellant. On January 21, 2003, the clerk of this court
notified appellant that the appellate brief, which showed a copy had been furnished to
appellant, and a motion to withdraw had been filed with the court. The court sua sponte
granted an extension of time within which to file a pro se brief, if appellant wished to do so.
Subsequently, this court received a pro se motion for extension of time within which to file
an appellate brief, and we granted an extension to March 24, 2003. However, no such
brief has been filed since that time, and neither have we received a motion seeking
additional time within which to file a brief.

 Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney
has provided the client with a diligent and thorough search of the record for any arguable
claim that might support the client's appeal, and then we must determine whether counsel
has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). 

 Initially, appellant points out that the first "clear" notice of appeal was filed on
August 26, 2002, 61 days after the date sentence was imposed. In his discussion, he
points out the provision in Texas Rule of Appellate Procedure 26.2(a)(1) that a notice of
appeal must be filed within 30 days after the day sentence is imposed or suspended in
open court, or after the day the trial court enters an appealable order. Without a timely
filed notice of appeal, an appellate court lacks jurisdiction over the appeal. See Slanton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

 However, counsel points out there are two other "curious" documents in the clerk's
record. One of those documents is a letter to the court dated July 19, 2002, that in part
states, "I ask for a new trial . . ." and purports to be signed by appellant. The second is
dated July 25, 2001, and asks the trial court ". . . how can I appeal my case . . . ." In
considering those documents, and in pursuance of his duty as an officer of the court,
counsel points out that the signatures on those two documents are different from the
signatures on other documents contained in the clerk's file, and neither of them purports
to be signed by an attorney acting for appellant. However, in the interests of justice and
judicial economy, we will consider the first document to satisfy the requisites for a motion
for new trial. Viewed in that light, a notice of appeal filed within 90 days after the date
sentence was imposed would be timely. See Tex. R. App. P. 26.2(a)(2). Because the
notice of appeal was filed within that 90-day period, we will consider it as timely filed.

 In his brief, appellant sets out three points of discussion. In the first, he mentions
the possibility that a notice of appeal was not timely filed. We have dealt with that
question above and will not discuss it further. In the second point, he certifies that he has
reviewed the original plea of guilty and, after examination, concludes that the record shows
that the guilty plea and the waiver of specific constitutional and statutory rights was
properly explained. He also certifies that the record shows that appellant was properly
warned of the consequences of community supervision (probation) and the fact that if
those conditions were violated, there was no right to appeal the decision to proceed with
an adjudication of guilt.

 In his brief, counsel certifies that he examined the record of the adjudication
proceedings and finds that, based upon the evidence adduced at those proceedings, the
trial court did not abuse its discretion in arriving at the adjudication of guilt. He also states
that the record shows the trial court properly proceeded to a sentencing hearing and the
record does not show the trial court abused its discretion in the sentence assessed. In his
third point and in argument under that point, counsel also certifies that he examined the
record to see if appellant was not rendered the effective assistance of counsel, but he
finds it demonstrates that appellant was afforded effective assistance at all proceedings.

 We have also made an independent examination of the record to determine if there
are any arguable grounds that might support the appeal. See Penson v. Ohio, 88 U.S. 75,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). We have found no such grounds and agree with counsel that the
appeal is without merit and is frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974).

 Accordingly, counsel's motion to withdraw is granted and the judgment of the trial
court is affirmed.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



ommitted to the discretion of the trial court. See Mozon v. State, 991 S.W.2d 841
(Tex.Crim.App. 1999). 

 As counsel also notes, evidence showing extraneous offenses may be admitted if
it is "same transaction contextual evidence" which provides information essential to an
understanding of the context and circumstances of interwoven events. Camacho v. State,
864 S.W.2d 524, 532 (Tex.Crim.App. 1993). We find the trial court's admission of the
evidence of other offenses occurring during the events giving rise to appellant's prosecution
does not present a meritorious issue on appeal.

 Appellant's well-prepared pro se brief raises three issues. The first two issues
question the legal and factual sufficiency of the evidence supporting the finding he is
criminally liable as a party. Appellant's third issue asserts the sentence of 99 years violates
the prohibition against cruel and unusual punishment in the federal constitution. His brief
correctly states the standards by which we must review challenges to the legal and factual
sufficiency of the evidence and recitation of those standards here is unnecessary. See
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis v. State,
922 S.W.2d 128 (Tex.Crim.App. 1996).

 In support of his first issue, appellant argues the evidence failed to establish a prior
or contemporaneous agreement to commit an offense. He relies on Beier v. State, 687
S.W.2d 2, 3 (Tex.Crim.App. 1985), for the proposition that criminal liability as a party for the
conduct of another requires evidence of such an agreement. We do not agree with that
characterization of the holding in Beier. 

 Imposition of criminal liability on a defendant for the conduct of another is authorized
by chapter seven of the Penal Code. Section 7.02(a) provides in relevant part: "A person
is criminally responsible for an offense committed by the conduct of another if: (2) acting
with intent to promote or assist the commission of the offense, he solicits, encourages,
directs, aids, or attempts to aid the other person to commit the offense[.]" Tex. Pen. Code
Ann. § 7.02(a) (Vernon 2003). 

 In the Beier opinion the court began with the general statement that where the
evidence shows the defendant "was not a 'primary actor,' but at most responsible for the
actions of the 'primary actor,' the State must prove conduct constituting an offense plus an
act by the defendant done with the intent to promote or assist such conduct." Id. at 3. It
went on to hold physical presence during an offense and encouraging commission of the
offense "either by words or other agreement" are sufficient to impose liability as a party,
and that such agreement must be before or contemporaneous with the criminal event. Id.
at 3-4. Contrary to appellant's view of the opinion, it did not hold evidence of such an
agreement is always necessary to make the defendant liable as a party. In Beier the court
found a contemporaneous agreement was merely one method by which the defendant
could "encourage" commission of the offense. Section 7.02(a)(2) provides a defendant is
also liable for the criminal conduct of another if he solicits, directs, aids, or attempts to aid
the other with intent to promote or assist commission of the offense. 

 The undisputed evidence, including Lara's testimony, showed appellant's actions 
were not limited to encouragement of Lara; appellant aided Lara by transporting him to the
area where Lara committed the burglary at issue and transporting Lara and the stolen
property from the area. The element appellant's argument attacks is whether his conduct
was with the intent to aid the commission of the offense. Through Lara's testimony,
appellant sought to show he was unaware Lara was burglarizing houses and therefore did
not have the requisite intent to aid in the commission of Lara's offense. 

 Appellant relies on the holding of Valdez v. State, 623 S.W.2d 317, 321
(Tex.Crim.App. 1979), that mere presence at the scene of an offense, or flight from the
scene, are insufficient to make a defendant liable as a party. Such evidence is probative
of guilt and may, in combination with other facts, establish liability. Id. See also Stroman
v. State, 69 S.W.3d 325, 329 (Tex.App.-Texarkana 2002, pet. ref'd). He argues there was
no evidence that he was at the scene of the Gallegos residence on the day of the burglary. 

 Appellant's argument does not address the recording of the 911 telephone call made
from the house across the street from 2817 65th Street, and admitted into evidence. As
noted, the caller reported two Hispanic men committing burglary. She described the
clothing they were wearing and their vehicle. She also recited that her mother, whose voice
also appears on the tape, saw "them" kick the door open. The only objection to this
evidence was a hearsay objection to the entire recording. Appellant's brief does not
challenge that ruling, only the sufficiency of the evidence. (3) 

 Appellant acknowledges that a jury is free to accept or reject any or all of a witness's
testimony. The jury in this case was faced simply with a conflict in the evidence between
the testimony of appellant's cousin, who had plead guilty to burglary and been convicted,
and the recorded 911 statement of a disinterested party, combined with evidence of
appellant's flight from police and his possession of property from the Gallegos home. The
911 call to police did not place appellant at the Gallegos house but could properly be
considered as evidence controverting Lara's testimony that he acted alone. The jury could
have reasonably found appellant and Lara were acting together in conducting the series
of burglaries. The jury was not required to accept as true Lara's belief that appellant fled
from police because of a warrant. Lara's testimony on the issue was vague and the
defense presented no other evidence of a warrant. The jury's resolution of these conflicts
does not present a meritorious issue concerning the legal or factual sufficiency of the
evidence. 

 Appellant's third issue seeks determination of whether his sentence of 99 years
confinement is cruel and unusual punishment in violation of the Eighth Amendment to the
federal constitution. He admits this complaint was not presented to the trial court. 
Generally, the failure to timely raise a complaint in the trial court results in waiver of the
complaint. See Tex. R. App. P. 33.1(a); Solis v. State, 945 S.W.2d 300, 301
(Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). Appellant's complaint is the same as that
made in Solis, that his sentence is disproportionate to the offense. He presents no
authority suggesting the issue has not been waived, but relies on three cases for the
proposition that an appellate court may consider a complaint which was not properly
preserved in the interest of justice. See Wright v. State, 28 S.W.3d 526, 530
(Tex.Crim.App. 2000) (procedure used to appoint counsel); Perryman v. State, 798 S.W.2d
326, 329 (Tex.App.-Dallas 1990, no pet.) (admission of evidence), Boggs v. State, 643
S.W.2d 180 (Tex.App.-Tyler 1982, no pet.) (admission of evidence). These cases did not
concern challenges to the constitutionality of a sentence within the limits set by the
legislature. 

 Even if we were to consider the issue, the primary authority on which appellant
relies, Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983), 
is no longer controlling law. It has long been the general rule that assessment of a
punishment within the limits set by the legislature will not be disturbed on appeal. See
Nunez v. State, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978). In Solem the court recognized
an exception to the general rule applicable when the sentence imposed was "grossly
disproportionate" to the offense. 463 U.S. at 284-92. 

 In Harmelin v. Michigan, 501 U.S. 957, 115 L.Ed. 2d 836, 111 S.Ct. 2680 (1991),
Justice Scalia wrote "Solem was simply wrong, the Eighth Amendment contains no
proportionality guarantee." 501 U.S. at 965. A majority of the court did not join in that
holding. As analyzed by the Fifth Circuit, seven members of the Harmelin court supported
an Eighth Amendment guarantee against disproportionate sentences. McGruder v.
Puckett, 954 F.2d 313, 316 (5th Cir. 1992). Only four justices supported continued
application of the factors used in Solem. Id. The Fifth Circuit concluded disproportionality
analysis survived Harmelin, but the analysis set out in Solem did not. Id. See also Lockyer
v. Andrade, 538 U.S. 63, 77, 155 L.Ed.2d 144, 123 S.Ct. 1166 (2003) (gross
disproportionality presents constitutional violation only in extraordinary cases).

 In Thomas v. State, 916 S.W.2d 578 (Tex.App.-San Antonio 1996, no pet.), the San
Antonio Court of Appeals agreed with the analysis in McGruder and found it could review
a sentence to determine whether it is grossly disproportionate to the crime. Id. at 583. 
Only after determining the sentence is grossly disproportionate to the offense should a
court consider other factors which bear on the claim, including those discussed in Solem
and sentences for similar crimes. Id. See also Vrba v. State, 69 S.W.3d 713, 724
(Tex.App.-Waco 2002, no pet.). Where the defendant's sentence is enhanced by a prior
conviction, a reviewing court considers the defendant's criminal history. See id. It may also
consider the possibility of parole. Thomas, 916 S.W.2d at 584. 

 Assuming, arguendo, appellant's sentence were viewed as grossly disproportionate, 
other factors support the proportionality of the sentence. The evidence established
appellant had four prior felony convictions including tampering with a government record, (4)
two for forgery, and attempted retaliation. It also showed juvenile offenses including
unlawful carrying of a weapon, and property offenses.

 Appellant's brief cites numerous Texas opinions reciting punishments for burglary
of a habitation of between 2 and 60 years. Only one of those cases concerned liability as
a party. In that case the defendant received a sentence of 20 years. See Michael v. State,
864 S.W.2d 104 (Tex.App.-Dallas 1993, no pet.). That opinion indicated the defendant had
an unspecified prior criminal history. Appellant's multiple prior felony convictions provide
ample distinction between that case and appellant's sentence. We find appellant's third
issue is not meritorious. 

 We have conducted an independent review of the record to determine whether there
are any arguable grounds for appeal. Penson v. Ohio, 488 U.S. 75, 109 S.Ct 346, 102
L.Ed. 2d 300 (1988); Nichols, 954 S.W.2d at 86. We have found no such grounds and
agree with appellate counsel that the appeal is without merit. Currie v. State, 516 S.W.2d
684 (Tex.Crim.App. 1974). Accordingly, counsel's motion to withdraw is granted and we
affirm the judgment of the trial court.


 James T. Campbell

 Justice




Do not publish.



1. Lara's testimony did not explain which of the two occupants had a warrant or what
the warrant was for. No other evidence of an outstanding warrant was presented.
2. Counsel concludes the discussion of the potential issue with the assertion the trial
court erred in admitting evidence. This assertion of error is inconsistent with counsel's
representation the appeal is frivolous, and is improper in an Anders brief. Johnson, 885
S.W.2d at 646.
3. We find the statements of the caller and her mother, made while watching the
offense unfold, were excited utterances and admissible regardless of whether those
witnesses were available to testify at trial. Tex. R. Evid. 803(2).
4. The jury was also aware, and we may consider, the fact that appellant was placed
on probation for this offense and had his probation revoked.