**Randy O'CAMPO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–407–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 30, 1982.

Rehearing Denied Jan. 20, 1983.

Abel Cavada, Kingsville, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is an appeal from a conviction for aggravated assault on a police officer under Tex.Penal Code Ann. § 22.02(a)(2)(A) (Vernon Supp.1982). Appellant was tried in a joint jury trial with three other defendants under separate indictments. The appeals of two of those other defendants (Linda Garcia and Gerald Tafoya) are also before the Court. The remaining defendant was acquitted. Punishment was assessed by the trial court in this case at four years imprisonment.

■ In grounds of error one and two appellant contends he was forced to accept an objectionable juror when the trial court erroneously overruled his motion challenging the array. We find that the error sought to be shown in these grounds has not been perfected for review. The right to challenge the array is waived unless the challenge is made before the panel is qualified. *Esquivel v. State,* 595 S.W.2d 516, 523 (Tex.Cr.App.1980). The record shows that the challenge was filed after the jury was selected. This was too late. Grounds of error one and two are overruled.

■ In ground of error three appellant contends that there was no evidence upon which the jury could rely to prove the charges against the defendant beyond a reasonable doubt. We are unable to review this ground properly because the argument does not identify the element or elements of the offense on which the proof fails. The thrust of the argument seems to be that the evidence is insufficient because the testimony is "conflicting and confusing." This is not the criteria by which we judge the sufficiency of the evidence. It is for the jury and not this Court to judge the credibility of the witnesses and to resolve conflicts in the testimony. Once the jury has reached a verdict, we will review the evidence in a light most favorable to that verdict. *Resendez v. State,* 495 S.W.2d 934 (Tex.Cr.App.1973). We will reverse only when there is a failure of proof to support a finding of one or more elements of the offense. See *David Earl Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982). Appellant's third ground of error is overruled.

■ In ground of error four, appellant contends that the trial court erred in permitting the prosecutor to impeach him by showing that he was on probation for burglary. Impeachment in this manner is authorized by Tex.Code Crim.Proc.Ann. art. 38.29 (Vernon 1979). This ground is overruled.

■ In the final ground of error, appellant contends the trial court erred in overruling his objection to the wording of a

paragraph in the charge. That paragraph reads:

"After you retire to the jury room, you should select one of your members as your foreman. It is his duty to preside at your deliberations, vote with you, and *when* you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Foreman." (Emphasis supplied.)

As we understand the argument, appellant contends that by use of the word "when" instead of the word "if" the charge has the effect of directing the jury that they must reach a unanimous verdict and discourages them from not reaching such a verdict if they thought it proper. The question raised here, if any, is resolved by reference to the dictionary. One of the common meanings of the word "when" is "in the event that" or "if." Webster's New Collegiate Dictionary, Merriam-Webster, 1981. We fail to see how the wording of this paragraph in any way would tend to interfere with the free exercise of a juror's discretion. Ground of error five is overruled.

The *judgment of the trial court is affirmed.*