Elifonso LOPEZ, a/k/a Idelfonso Lopez, a/k/a Idifonso Lopez, a/k/a Johnny Ray Diaz, a/k/a Poncho Lopez, a/k/a Ambrosio Lopez, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–368–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1991.

Abel Limas, Brownsville, for appellant.

Luis V. Saenz, Brownsville, for appellee.

Before HINOJOSA, KENNEDY and DORSEY, JJ.

## OPINION

HINOJOSA, Justice.

A jury found appellant guilty of aggravated sexual assault and assessed punishment at life imprisonment. By three points of error, appellant challenges the evidence of penetration, contends that the State

failed to rebut his defense of alibi, and cites as error the admission of a psychologist's testimony. We affirm the trial court's judgment.

Appellant's first point challenges the sufficiency of the evidence of penetration. The charge required the jury to find that appellant caused his sexual organ to penetrate the anus of R.L., a child younger than fourteen years. Appellant points out that Dr. De La Cruz, a doctor who examined the child's rectum, found no scars, and points out alleged inconsistencies in De La Cruz' testimony. He further contends that the victim's testimony is not enough, and that the testimony was not corroborated or supported by medical testimony, anatomically correct dolls, or aids.

In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict or judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to their testimony. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App. 1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The jury may accept or reject any or all of the testimony. *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim.App.1984); *Westfall v. State*, 663 S.W.2d 664, 666 (Tex.App.—Corpus Christi 1983, pet. ref'd). We will reverse only for a failure of proof on one or more elements of the offense. *O'Campo v. State*, 647 S.W.2d 708, 709 (Tex.App.—Corpus Christi 1982, pet. ref'd, untimely filed).

A conviction may be warranted on a child's testimony alone, even if the child uses unsophisticated language to describe the act. *Jordan–Maier v. State*, 792 S.W.2d 188, 190 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd); *Villanueva v. State*, 703 S.W.2d 244, 245 (Tex.App.—Corpus Christi 1985, no pet.); *see Gonzalez v. State*, 647 S.W.2d 369, 371(Tex.App.—Corpus Christi 1983, pet. ref'd).

Although penetration can be shown by circumstantial evidence, *Villalon v. State*, 791 S.W.2d 130, 133 (Tex.Crim.App. 1990), in this case, the victim provided direct evidence. R.L., appellant's half-brother, testified that appellant put "his middle thing" "in my butt," it hurt, and he found blood by his feet when he awoke. He said it was on his underwear and his sheets. He testified that he fell asleep afterward, that before this happened, appellant gave him a shot, and that he had seen appellant with syringes before.

The doctor testified that he examined R.L. in January 1990, that the physical examination was essentially normal, but that he still assessed it as a possible sexual abuse. He explained that if the child was sedated, penetration would probably be easier, and there would be less damage. Other factors in the amount of damage included the force of the penetration and the size and erection of the penis. He said some bleeding could be expected. A factor in his ability to detect physical trauma was the amount of time that had passed between the event and the examination, which was in January 1990. He explained that children recouperate quickly. He also said that even though he did not find any rectal scars, there could have been abuse, because there could be penetration with no scar, or a scar he did not find.

Although the child victim was not sophisticated in his description of the event, he clearly claimed penetration. No aids or dolls were necessary to enable him to communicate what took place.

There was no objection when criminal investigator Nikki Arias testified that R.L. was relatively articulate for a child his age, and what R.L. told her happened. She explained R.L.'s vocabulary and said R.L. related to her that he was in his bedroom, lying on his stomach on the bed, when appellant entered and locked the door. Allegedly, she recounted, appellant removed R.L.'s shorts and undershorts, gave him a shot, tied a piece of clothing around his mouth, and penetrated his anus with his penis. After that, R.L. felt sleepy and fell asleep, and when he awoke, he was in the

bedroom by himself with his undershorts on and his undershorts had blood on them.

The evidence was sufficient. We overrule point one.

■ By point two, appellant claims that the State did not adequately rebut his defense of alibi. Alibi is a factual question. *Ford v. State*, 509 S.W.2d 317, 318 (Tex.Crim.App.1974). The jury may reject this defensive theory and believe other testimony. *Ford*, 509 S.W.2d at 318. The positive identification of a defendant as the perpetrator is sufficient to support a conviction. *See Ford*, 509 S.W.2d at 318; *Hawkins v. State*, 792 S.W.2d 491, 495 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

The offense was alleged to have occurred on or about December 17, 1988. The victim remembered the date as the day after his eighth birthday. There was conflict in the evidence about the victim's age and birthdate. Trial was in September 1990.

Appellant maintains that he was in prison on the date alleged, and Omar Sanchez, a parole officer, testified, based on a document, that appellant was at the Texas Department of Corrections in Huntsville from June 1987 to May 1989. It would have been his second imprisonment for DWI. Sanchez acknowledged that another jail record showed imprisonment in Cameron County on August 16, 1988, and release on November 22, 1988. Sanchez said he had no contact with appellant until March 1990, after the previous officer left the agency. Although appellant's criminal records were not introduced at the guilt phase, the jail record indicating his arrest on August 16, 1988, and release on November 22, 1988, is in the record at the punishment phase, (and indicates his address on George Saenz Road). Although the jail card notes a "hold" on appellant, no evidence shows whether the hold was carried out. There are records of other offenses during alleged TDC incarceration.

Criminal investigator Nikki Arias said the investigation of the child abuse came to light in connection with an offense report dated January 5, 1990, concerning criminal trespass and terroristic threat, which

charges R.L.'s mother, Blanca Lopez, originated. It happened at an address on George Saenz Road, in a rural area of Brownsville. The family lived there in December 1988, but moved in February 1989. She said R.L. originally told her it happened in 1989, but she believed he was confused about the dates. She testified that the victim was born in 1980 and would soon be ten.

R.L. testified he was born in 1980 and was nine at the time of trial. When asked if he was born in '79 or '80, he then said he didn't know. He said it occurred the day after his birthday when they lived on George Saenz Road, and they only lived there about ten months, and he was eight. He said he had a birthday party on Dec. 16, 1988, and he was turning eight. He said on his next birthday (after the September 1990 trial date) he would be ten (269). When confronted with the fact that his mother said he was born in '79 and the doctor had written '79, he said, "My mother told them, but I, I know I'm nine."

■ The State is not bound by the date alleged in the indictment, but is only required to prove that the offense occurred before the return of the indictment and within the limitation period. *Scoggan v. State*, 799 S.W.2d 679, 680 n. 3 (Tex.Crim. App.1990); *Ex parte Alexander*, 685 S.W.2d 57, 59 n. 1 (Tex.Crim.App.1985); 764/839 Tex.Code Crim.Proc.Ann. art. 21.21 subd. 6. (Vernon 1989) The evidence is sufficient because it did not show that, as a matter of law, the offense was committed at a time when it could no longer be prosecuted. The jury could resolve conflicts and choose which evidence to believe. We overrule point two.

By point three, appellant challenges the admission of psychologist Jerry Amaya's testimony. At trial, he objected that Amaya had not interviewed the family members, and would be giving only general testimony. He further objected that the testimony had no relevance. He argues on appeal that the trial court improperly admitted the testimony and that it prejudiced the jury and caused his conviction.

■ Under Tex.R.Crim.Evid. 702, expert testimony is admissible when scientific,

technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. We review the admission of expert testimony under the standard of whether the trial court abused its discretion. *See Key v. State*, 765 S.W.2d 848, 849–50 (Tex.App.—Dallas 1989, pet. ref'd).

As in *Key*, it is not the expert's credentials that have been challenged, but the contents of his testimony. In *Key*, the testimony explained, among other things, why a victim might respond passively to "date rape" and how this differed from consent. In our case, Amaya's testimony covered the emotions and behaviors typical of a child abused by a relative and explained why such a child might not outcry immediately and might recant. (The victim in this case did not outcry immediately, and the defense claimed he recanted.) The testimony covered the general dynamics of child sexual abuse, a topic with which jurors could not be expected to be familiar. *See Duckett v. State*, 797 S.W.2d 906, 917 (Tex.Crim.App.1990). Amaya did not give an opinion on the credibility of the victim in this case. *See Kirkpatrick v. State*, 747 S.W.2d 833, 836 (Tex.App.—Dallas 1987, pet. ref'd). We find no abuse of discretion and overrule point three.

We affirm the trial court's judgment.