NUMBER
13-01-532-CR

 

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

 

HOMERO GARZA ,                                                                 Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS ,                                                         Appellee.

 

 

                        On appeal from the
347th District Court   

                                  of Nueces
 County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                        Opinion
by Chief Justice Rogelio Valdez








Appellant, Homero Garza (Garza), appeals from a conviction for
aggravated robbery.  Tex. Pen. Code Ann.
' 29.03(a)(2) (Vernon Supp. 2002).  Through two issues, Garza argues that the
evidence presented was factually insufficient and that the trial court erred in
denying his motion for new trial.  We
affirm.

Facts and Procedural History

At closing time, five employees of a restaurant were robbed at
gunpoint.  One employee, Esmeralda
Gonzalez (Gonzalez), identified Garza as the robber out of a photo lineup.  The other four employees saw only half of the
robber=s face, which was
covered with his shirt.  Gonzalez
testified that she saw Garza enter the restaurant, observed his face for two to
three seconds, and that she recognized him Aright off the bat@ because he Agoes into the restaurant
often.@  Gonzalez also identified Garza in court as
the person who committed the offense. 
Garza presented three alibi witnesses and testified as to his innocence.  Garza was found guilty, fined $5,000.00, and
received a sentence of 25 years.  The
trial court denied Garza=s motion for new trial,
and Garza now appeals.

Factual Sufficiency

In his first issue, Garza argues that the evidence was factually
insufficient to support his conviction. 
He specifically argues that Gonzalez=s eyewitness testimony did not prove beyond a
reasonable doubt that he was guilty of the offense charged. 








In reviewing factual sufficiency, the appellate court must examine all
evidence impartially.  Johnson v.
State, 23 S.W.3d 1, 6-7 (Tex. Crim.
App. 2000).  The appellate court must also
give due deference to the fact finder=s determinations,
especially those concerning the weight and credibility of the evidence.  Id. at 9.  We may not reverse unless the evidence supporting
guilt is either so obviously weak, or so greatly outweighed by the overwhelming
weight of contrary evidence, that the conviction is clearly wrong and
manifestly unjust.  Vasquez
v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002).  If we reverse, we cannot do so
merely because we feel a different result is more reasonable.  Santellan v. State,
939 S.W.2d 155, 165 (Tex. Crim. App. 1997). 

The fact finder is the sole judge of the weight and credibility given to
witness testimony.  Johnson, 23 S.W.3d at 7.  The
jury may believe or disbelieve the testimony of any witness, Penagraph v.
State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981), including that of alibi
witnesses, Lopez v. State, 815 S.W.2d 846, 849 (Tex. App.BCorpus Christi 1991, no
pet.).  Whatever testimony the jury
believes, the positive identification of the defendant as the  person who committed the offense is
sufficient to support the conviction.  Ford
v. State, 509 S.W.2d 317, 318 (Tex. Crim. App. 1974); Lopez, 815
S.W.2d at 849.       At trial, Gonzalez testified that Garza was a frequent
customer.  She also testified that she
immediately recognized him when he entered through the back door and saw his
entire face for a second time when he later had a gun out.  She positively identified Garza both in the
photo lineup and in court.  

Even though Gonzalez was the only employee who had the opportunity to
see Garza=s entire face, her
positive identification of Garza is enough to support Garza=s conviction.  Moore v. State, 446 S.W.2d 877, 878
(Tex. Crim. App. 1969) (positive identification by only one employee of store
was Aample evidence@ to support conviction
of felony theft).  We cannot say that
Gonzalez=s eyewitness testimony
was factually insufficient to support Garza=s conviction. 
Davis v. State, 831 S.W.2d 839, 842 (Tex. App.BDallas 1992, pet. ref=d) (affirming
aggravated-robbery conviction by jury where only one eyewitness identified
appellant and appellant presented five alibi witnesses). 

We overrule Garza=s first issue.

 








Motion for New Trial

In his second issue, Garza argues that the trial court erred in denying
his motion for new trial.  He contends
the trial court should have granted his motion for new trial because a juror=s comment during
deliberation regarding which hand Garza used at trial to pick up a cup
constitutes Aother evidence@ under the Texas Rule of
Appellate Procedure 21.3(f).  Tex. R. App. P. 21.3(f).

Granting or denying a motion for new trial is within the trial court=s discretion.  Salazar v. State, 38
S.W.3d 141, 148 (Tex. Crim.
App. 2001).  An appellate court may not
substitute its judgment for that of the trial court.  Id. 
Instead, we must decide whether the trial court=s decision was arbitrary
or unreasonable.  Id.  As the sole judge of the credibility of
testifying jurors, the trial court does not abuse its discretion in overruling
a motion for new trial when conflicting evidence exists as to jury
misconduct.  Id.  

A new trial must be granted if, Aafter retiring to
deliberate, the jury has received other evidence.@  Tex. R. App. P. 21.3(f).  The other evidence must be received by the
jury and detrimental to the defendant to justify a new trial.  Garza v. State, 630
S.W.2d 272, 274 (Tex. Crim. App. 1981). 
The determination of whether a juror has Areceived@ other evidence is a
question of degree.  Saenz v. State,
976 S.W.2d 314, 322 (Tex. App.BCorpus Christi 1998, no
pet.).  A passing remark does not
constitute receipt of other evidence.  Id.








To prove that the jury received other evidence, the defendant is limited
to juror testimony on Aoutside influence.@  Tex.
R. Evid. 606(b); Hines v. State, 3 S.W.3d 618, 621 (Tex. App.BTexarkana 1999, pet. ref=d).  The outside influence must come from outside
the jury and its deliberations.  In re
S.P., 9 S.W.3d 304, 308 (Tex. App.BSan Antonio 1999, no
pet.).  Information gathered by a juror
that is shared with the other jurors does not constitute outside influence,
even if shared specifically to influence the other jurors= votes.  Hines, 3 S.W.3d at
623.

In this case, two jurors testified that during deliberation, a jury
member commented that she observed Garza pick up a cup with his left hand at
trial.  She also allegedly said that
Garza=s use of his left hand
was consistent with the testimony of some of the witnesses. 

Because the juror=s comment on Garza=s use of his left hand
did not come from a non-juror, the comment is not outside influence.  Id. 
Furthermore, because the trial court is the sole judge of the testifying
jurors= credibility, we cannot
say that the trial court=s decision to regard
that juror=s comment as a passing
remark was arbitrary or unreasonable.  Salazar,
38 S.W.3d at 148; Saenz, 976 S.W.2d at
321.  Accordingly, we hold that the trial
court was within its discretion to deny the motion for new trial.  See Hines, 3 S.W.3d at 623 (affirming
trial court=s denial of the motion
for new trial because alleged Aoutside influence@ consisted of statements
that were not introduced by a non-juror). 
We overrule Garza=s second issue. 

We affirm the trial court=s judgment.                      

 

 

 

                                                

ROGELIO
VALDEZ

Chief
Justice

 

Publish

Tex. R. App.
P. 47.3.

 

Opinion delivered and filed

this 8th day of August, 2002.