NUMBER 13-02-161-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






ELIFONSO LOPEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 103rd District Court


of Cameron County, Texas.






O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Castillo



 Appellant Elifonso Lopez appeals from a post-conviction denial of his motion for
DNA testing pursuant to article 64.01 of the code of criminal procedure. See Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2003). We dismiss in part for want
of jurisdiction and affirm in part. 

I. BACKGROUND

 Lopez was sentenced to life in prison after a jury convicted him of the
aggravated sexual assault of his stepbrother, a child under the age of fourteen years. 
This Court affirmed his conviction. (1) In post-conviction proceedings, a federal court
found that the ineffective assistance of counsel denied Lopez a fair trial. The State's
records proved Lopez was incarcerated on December 17, 1988, the alleged date of the
offense for which the jury convicted him. The federal court ordered the State of Texas
to either re-try Lopez or release him. After re-indictment alleging the date of
December 17, 1989, Lopez pleaded guilty to aggravated sexual assault pursuant to an
agreed punishment recommendation. 

 The trial court determined that Lopez's guilty plea was free and voluntary. It
also found the evidence sufficient to support his guilty plea. It found Lopez guilty of
the offense as charged and, honoring the agreed punishment recommendation,
sentenced him to fifteen years in the Institutional Division of the Texas Department of
Criminal Justice. Lopez appealed again. Appointed appellate counsel filed a brief
pursuant to Anders v. California, 386 U.S. 738 (1967). Lopez filed a pro se brief. 
This Court independently reviewed the record and Lopez's pro se arguments. We
concluded that the appeal was without merit. (2) 

 On January 16, 2002, Lopez filed his first amended motion for post-conviction
DNA testing, seeking DNA testing of evidence collected during a physical examination
of the child he pleaded guilty of sexually assaulting. See Tex. Code Crim. Proc. Ann.
art. 64.01. Lopez asserted, because the State did not produce a request for
destruction of the evidence, that the evidence used in his trial must still be in the
custody of authorities and currently existing in a condition that makes forensic DNA
testimony possible. He added: "Particularly, crucial evidence may be found in the
possession of Dr. Rafael De La Cruz and the Cameron County Sheriff's office in Master
file number 900142." Finally, Lopez asserted:

 8. Identity is an issue in this case specifically because the original
prosecution of the case alleged the incident occurred on December 17,
1988. When that conviction was overturned, Mr. Lopez was indicted for
the same offense against the same victim, however, the date was
changed to December 17, 1989. Identity is also an issue because
Art. 64.03(b) specifically states "a convicted person who pleaded guilty
or nolo contendere in the case may submit a motion under this chapter,
and the convicting court is prohibited from finding that identity was not
an issue in the case solely on the basis of that plea."

 The convicting court noted that the child had not been physically examined until
more than three weeks after the date the offense allegedly occurred. It concluded that
no "medical procedure or technology" is available today to test an alleged sexual
assault victim, after an elapsed time of more than three weeks, for the purpose of
analyzing DNA material. On January 18, 2002, the convicting court denied Lopez's
motion for DNA testing. This appeal ensued. 

II. APPLICABLE APPELLATE RULES



 Lopez filed a timely notice of appeal on February 5, 2002. The rules of
appellate procedure governing how appeals proceed in criminal cases were amended
effective January 1, 2003. Generally, rules altering procedure do not fall within the
prohibition in the Texas Constitution against retroactive application of laws that disturb
vested, substantive rights. See Tex. Const. art. I, § 16; see also Ibarra v. State,
11 S.W.3d 189, 192 (Tex. Crim. App. 1999). Therefore, this Court applies the
current rules of appellate procedure to this appeal. We may not affirm or reverse a
judgment or dismiss an appeal for formal defects or irregularities in appellate procedure
without allowing a reasonable time to correct or amend the defects or irregularities. 
Tex. R. App. P. 44.3. We also are prohibited from affirming or reversing a judgment
or dismissing an appeal if the record prevents the proper presentation of an appeal and
can be corrected by the trial court. Tex. R. App. P. 44.4(a). Accordingly, we abated
the appeal on July 21, 2003 and ordered a supplemental record to include, in
compliance with rule 25.2(a)(2), the trial court's certification of Lopez's right of
appeal. See Tex. R. App. P. 25.2(a)(2). We received a supplemental record on August
18, 2003 that includes the trial court's certification of Lopez's right of appeal. We
now turn to the merits. 

III. ISSUES ON APPEAL


 Lopez complains the trial court erred in denying his motion for post-conviction
DNA testing. In addition, he asserts three other issues in which he complains: (1) his
conviction should be reversed because the prosecution did not disclose exculpatory
evidence that proved he did not and could not have committed the charged offense;
(2) he was denied effective assistance of counsel because his confession was coerced;
and (3) the evidence was factually and legally insufficient to support his conviction. 
The State responds that we should overrule Lopez's arguments because they are not
supported by the record. 

IV. JURISDICTION

 Jurisdiction is fundamental and cannot be ignored. State v. Roberts,
940 S.W.2d 655, 657 (Tex. Crim. App. 1996). Our jurisdiction must be legally
invoked. Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex. Crim. App. 1964). If not
legally invoked, our power to act is as absent as if it did not exist. Id. When we lack
jurisdiction to act, we have no power to dispose of the purported appeal in any manner
other than dismissal for lack of jurisdiction. Olivo v. State,
918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Chapter 64 of the code of criminal
procedure authorizes post-conviction forensic DNA testing if the applicant meets the
requirements enumerated in article 64.03. Tex. Code Crim. Proc. Ann.
art. 64.03 (Vernon Supp. 2003). In non-capital cases, the trial court's findings under
article 64.03 are appealable to a court of appeals. Tex. Code Crim. Proc. Ann.
art. 64.05. Thus, the Texas Legislature has conferred on us jurisdiction over an appeal
involving a motion for post-conviction DNA testing brought under article 64.03. Id. 

 Accordingly, we hold that we have statutory jurisdiction over Lopez's complaint
that the trial court erred in denying his motion for post-conviction DNA testing. 
However, Lopez has not cited any authority indicating that this Court has jurisdiction
to consider his three additional issues and the requested relief. We have found none. 
The jurisdiction afforded us under chapter 64 does not extend to collateral attacks on
the judgment of conviction or resurrect issues previously challenged on direct appeal. 
We hold that chapter 64 does not confer jurisdiction over issues other than an appeal
of a trial court's findings pursuant to its provisions. See Tex. Code Crim. Proc. Ann.
art. 64.05. Therefore, we have no jurisdiction over Lopez's issues asserting non-disclosure of exculpatory evidence preceding the plea proceeding that resulted in his
second conviction, claiming ineffective assistance of counsel, or challenging the legal
and factual sufficiency of the evidence to support the judgment of conviction. 
Accordingly, we review only Lopez's challenge to the order denying his motion for
post-conviction DNA testing. We dismiss his remaining issues for want of jurisdiction.
 V. THE RECORD


 The record before us contains the proceedings in which Lopez pleaded guilty to
the charge of aggravated sexual assault of a child and true to two enhancement
paragraphs as alleged in the indictment. The trial court admonished Lopez pursuant
to article 26.13 of the code of criminal procedure. See Tex. Code Crim. Proc. Ann.
art. 26.13 (Vernon 1989 & Supp. 2003). Lopez signed a Written Waiver and Consent
to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty, which the trial court
admitted as State's Exhibit 1. In the stipulation, Lopez agreed that: 

 The State may introduce affidavits, written statements of witnesses and
any other documentary evidence in support of any judgment that may be
entered in this cause, which are marked Exhibits No. 1, through No. 4,
inclusive, and made a part hereof; that such stipulated evidence is true
and correct; that the Defendant, is the identical person referred to in the
exhibits and stipulated evidence and if the witnesses were present,
sworn and testifying under oath that they would testify as set out in their
written statements and would identify the Defendant as the person of
whom they speak in said exhibits and stipulations; that the Defendant is
the identical person named in the indictment in the above styled and
numbered cause; that each and every allegation in said indictment
charging the offense of aggravated sexual assault is true and correct and
each act therein alleged occurred in Cameron County, Texas. 

 Pursuant to the stipulation, the trial court also admitted State's Exhibits 2, 3,
and 4. Exhibit 3 is the child's signed statement, in which the child identified Lopez as
the perpetrator. The child also said that the sexual assault occurred the day after his
tenth birthday, or on December 17, 1989. Exhibit 2 is the report of an investigation
in which the investigator documented that the child told her it was Lopez who had
committed the sexual assault, not some other man. The investigative report also
documented that the investigator contacted the office of the child's examining
physician about the results of a culture test performed during a physical examination
of the child three weeks after the sexual assault. The report documented that the
results of the culture were negative. It also documented that no significant findings
resulted from the physical examination. Exhibit 4 contains the medical record of the
child's physical examination performed three weeks after the alleged sexual assault,
which identified the child's "stepbrother" as the offender. Like the investigative
report, the medical record also indicated "no significant findings." 

VI. THE LAW APPLICABLE TO POST-CONVICTION DNA TESTING


A. The Statutory Provisions

 Article 64.03 provides:


 (a) A convicting court may order forensic DNA testing under
this chapter only if:


 (1) the court finds that:


 (A) the evidence:


 (i) still exists and is in a condition making DNA testing possible;
and

 (ii) has been subjected to a chain of custody sufficient to
establish that it has not been substituted, tampered with, replaced, or
altered in any material respect; and


 (B) identity was or is an issue in the case; and 


 (2) the convicted person establishes by a preponderance of the
evidence that:


 (A) a reasonable probability exists the person would not have
been prosecuted or convicted if exculpatory results had been obtained
through DNA testing; and 


 (B) the request for the proposed DNA testing is not made to
unreasonably delay the execution of sentence or the administration of
justice.


Tex. Code Crim. Proc. Ann. art. 64.03(a). 

 A trial court is prohibited from granting a convicted person's request for DNA
testing unless the requirements in article 64.03 are met. Dinkins v. State,
84 S.W.3d 639, 643 (Tex. Crim. App. 2002). Article 64.03 does not require a
hearing for a trial court to determine if the applicant is entitled to DNA testing. Rivera
v. State, 89 S.W.3d 55, 58-9 (Tex. Crim. App. 2002). By contrast, a trial court must
hold a hearing under article 64.04 after a convicted person has obtained DNA testing
under article 64.03. Id. at 59. 

B. The Standard of Review


 In an appeal of a post-conviction DNA proceeding under chapter 64, we apply 
a bifurcated standard of review. Id. We afford almost total deference to the trial
court's determination of issues of historical fact and application-of-law-to-fact issues
that turn on credibility and demeanor. Id. We review de novo other
application-of-law-to-fact issues. Id. 

VII. ANALYSIS


 Lopez claimed in his motion the existence of "various pieces of biological
material" that could be subjected to DNA testing. He did not describe the material. 
In its order, the convicting court determined that the evidence Lopez "apparently
directs this motion [to] is evidence, if any, obtained in the medical examination of the
alleged victim" and acknowledges "the question raised in the motion is one of identity,
to-wit: Is there physical scientific evidence capable of DNA testing in the possession
of the State which could connect or disconnect this defendant with the alleged sexual
abuse." In his brief, Lopez acknowledges that the prosecutor claims that "there is no
kind of evidence on this case at bar." (3) In his supplementation, Lopez again
acknowledges a letter from the State to the convicting court allegedly stating that
"review of our and the Sheriff's officers' lockers failed to show any stored evidence,
[perhaps] the Court's custodian has it." (4) Lopez complains the evidence was in the
possession of the State and the State must now show where the evidence is or
provide proper destruction documents during a hearing or properly filed documentation. 
Lopez asserts that the absence of evidence in his case is legal proof that he "did not
commit the alleged offense." He adds that "no medical evidence, no physical
evidence, no forensic evidence, no scientific evidence" means that the evidence is
legally insufficient to sustain his conviction. It is this collateral attack on Lopez's final
judgment of conviction over which we have concluded we have no jurisdiction. (5) It is
also this concession that defeats Lopez's challenge on appeal to the trial court's denial
of his motion for post-conviction DNA testing. 

 Article 64.01(b) requires that the motion for post-conviction DNA testing may
request forensic DNA testing "only of evidence" containing biological material that is
the basis of the challenged conviction. Lopez concedes there is no evidence to be
tested. The threshold requirement of article 64.03 is that the trial court determine 
whether the evidence exists. Tex. Code Crim. Proc. Ann. art. 64.03. Here, the record
does not establish that evidence capable of forensic testing exists. Accordingly, the
record supports a finding that no evidence containing biological material capable of
exculpatory DNA testing exists. Indeed, Lopez points to none. Thus, we hold as a
matter of law that the convicting court properly denied Lopez's motion for post-conviction DNA testing. See Dinkins, 84 S.W.3d at 643. We overrule Lopez's first
issue. 

VIII. CONCLUSION


A. Disposition


 We dismiss for want of jurisdiction Lopez's claims challenging the judgment of
conviction. We affirm the trial court's order denying Lopez's motion for post-conviction DNA testing. 

B. Motion for Appointment of Appellate Counsel 

and Waiver of Appellate Fees

 Lopez's motion for post-conviction DNA testing was filed by an attorney. At
the time he filed his pro se brief, Lopez also filed a motion seeking: (1) appointment
of counsel on appeal pursuant to article 64.05 of the code of criminal procedure; and
(2) waiver of fees on appeal. 

1. Appointment of Counsel

 A convicted person is entitled to counsel during a proceeding under chapter 64
of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 64.01(c). Because 
article 64.01(c) does not differentiate between the trial and appellate phases, an
indigent person has a statutory right to counsel to assist with an appeal under
chapter 64. Gray v. State, 69 S.W.3d 835, 837 (Tex. App.-Waco 2002, no pet.) (per
curiam). Under the statute, the only requirements for appointment of counsel are a
request for counsel and indigence. In re Rodriguez, 77 S.W.3d 459, 461 (Tex.
App.-Corpus Christi 2002, orig. proceeding). Here, the record shows that Lopez's
motion for post-conviction DNA testing was filed by an appellate attorney with the
State Counsel for Offenders. Lopez sought the appointment of the same attorney to
prosecute the motion. The trial court denied the motion. The record does not show
that the State Counsel for Offenders filed a motion to withdraw from representing
Lopez or that the representation otherwise concluded. Lopez does not complain on
appeal that the requirements of article 64.01(c) were not satisfied with his
representation by the State Counsel for Offenders. 

 On appeal, however, Lopez filed a pro se brief, motion for appointment of
counsel and appellate fees, and supplementation to the record. Under Texas law,
Lopez does not have a right to hybrid representation. See Rudd v. State,
616 S.W.2d 623, 625 (Tex. Crim. App. 1981). We have considered Lopez's pro se
brief. We deny his motion for appointment of counsel on appeal. 

2. Waiver of Appellate Fees


 Lopez also seeks waiver of appellate fees. No appellate filing fees are assessed
against a defendant in a criminal case. Lopez's appeal has proceeded without the
payment of any fees. We find that Lopez's request for a waiver of fees is moot. 


 

 ERRLINDA CASTILLO

 Justice



Publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 19th day of August, 2003. 
1. Lopez v. State, 815 S.W.2d 846 (Tex. App.-Corpus Christi 1991, pet. ref'd). 
2. Lopez v. State, No. 13-96-531-CR, 1998 Tex. App. LEXIS 2376 (Corpus Christi April 23,
1998, pet. ref'd) (not designated for publication). 
3. Lopez does not challenge whether the convicting court complied with article 64.02 of the code
of criminal procedure, which states the trial court shall provide a copy of the motion to the State and
require the State to deliver the evidence to the court or explain in writing to the court why the State
cannot deliver the evidence to the court. Tex. Code Crim. Proc. Ann. art. 64.02(2)(B) (Vernon
Supp. 2003). However, if true, Lopez's version of the State's response infers that the State explained
in writing to the court why it could not deliver the evidence in compliance with article 64.02(2)(B). Id.
The convicting court could have concluded on that basis that there was no DNA material to test. 
4. Lopez informs us that the letter is dated January 10, 2002. The trial court ruled on his motion
on January 18, 2002. 
5. Even if we had jurisdiction to review Lopez's complaints, there is no evidence in the record
before us to support them.