PD-0417-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/21/2015 5:43:28 PM
Accepted 4/22/2015 10:50:05 AM
ABEL ACOSTA
CLERK

NO. _____

# IN THE
# COURT OF CRIMINAL APPEALS
# OF TEXAS

_____

### JESUS EFRAIN ABREGO,
**Petitioner**

**v.**

### THE STATE OF TEXAS
**Respondent**

_____

**On Appeal from Cause No. 1335057D in the 371st District of Tarrant County, Texas, Honorable Mollee Westfall,, Judge Presiding, and No. 07-14-00171-CR in the Court of Appeals for the Seventh District of Texas**

_____

### PETITION FOR DISCRETIONARY REVIEW
_____

FILED IN
COURT OF CRIMINAL APPEALS

April 22, 2015

ABEL ACOSTA, CLERK

**Stickels & Associates, P.C.**
**John W. Stickels**
**TBN: 19225300**
**P. O. Box 121431**
**770 N. Fielder Rd.**
**Arlington, Texas 76012**
**Phone: (817) 479 - 9282**
**Fax: (817) 622 – 8071**
**john@stickelslaw.com**
**Attorney for Petitioner**

**NO ORAL ARGUMENT REQUESTED**

## THE PARTIES

Pursuant to Rule 38(a) of the Texas Rules of Appellate Procedure, the following is a complete list of the names and addresses of all parties to the trial court's final judgment and counsel in the trial court, as well as appellate counsel, so the members of the court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel, if any, of the judgment and all orders of the Court of Appeals.

| | |
|---|---|
| Trial Judge: | The Honorable Mollee Westfall<br>371st District Court<br>Tarrant County, Texas<br>401 Belknap<br>Fort Worth, Texas 761966 |
| Appellant: | Mr. Jesus Efrain Abrego<br>TDC No. 01920746<br>J. Middleton Transfer Facility<br>13055 FM 3522<br>Abilene, TX 79601 |
| Appellant's Trial Counsel: | Mr. George R. Trimber<br>SBOT NO. 20222600<br>925 8th Ave.<br>Fort Worth, Texas 76104-7666 |

Appellant's Counsel
on Appeal:                          John W. Stickels
                                    TBN: 19225300
                                    P. O. Box 121431
                                    Arlington, Texas 76012


Appellee:                           The State of Texas


Appellee's Trial Counsel:           Ms. Michelle D. Dobson
                                    SBOT NO. 24049075
                                    and
                                    Mr. Keith Harris
                                    SBOT NO. 24041058
                                    Assistant District Attorneys
                                    401 W. Belknap Street
                                    Fort Worth, Texas 76196

Appellee's Counsel
on Appeal:                          Tarrant County Criminal District
                                    Attorney
                                    Appeals Division
                                    401 Belknap
                                    Fort Worth, Texas 76196

# TABLE OF CONTENTS

THE PARTIES.............................................................................................. i

TABLE OF CONTENTS............................................................................. iii

TABLE OF AUTHORITIES ......................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ...............................................1

STATEMENT OF THE CASE.........................................................................1

STATEMENT OF PROCEDURAL HISTORY.....................................................1

GROUNDS FOR REVIEW ............................................................................1

I. The Seventh Court of Appeals erred when it did not find that there was insufficient evidence to support Petitioner's conviction..............................................1

REASONS FOR REVIEW .............................................................................2

DISCUSSION .............................................................................................2

ARGUMENTS ............................................................................................4

A. LEGALLY INSUFFICIENCY – STANDARD OF REVIEW: ...........................4

B. ARGUMENT AND AUTHORITIES – INSUFFICIENT EVIDENCE:...............5

PRAYER FOR RELIEF .................................................................................6

CERTIFICATE OF SERVICE .........................................................................7

CERTIFICATE OF COMPLIANCE...................................................................8

APPENDIX.................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). ......................................5

*Burden v. State*, 55 S.W.3d 608 (Tex. Crim. App. 2001)...........................................4

*Jackson v. Virginia*, 443 U.S. 307 (1979)...................................................................4

*Muniz v. State*, 851 S.W.2d 238 (Tex. Crim. App. 1993).........................................4

**Statutes**

Tex. Penal Code §2.01(2003). ....................................................................................5

**Rules**

Tex. R. App. P. 38(a) ................................................................................................. i

Tex. R. App. P. 66.3...................................................................................................2

Tex. R. App. P. 9(4)(i)(1). .........................................................................................8

Tex. R. App. P. 9.4(e) ................................................................................................8

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not request oral argument in this case.

## STATEMENT OF THE CASE

Petitioner's jury trial was held in the 371st District Court of Tarrant County, Texas, before the Honorable Mollee Westfall, Judge Presiding. (R.R. Vol. 1 – 4). The jury convicted Petitioner for the offense of aggravated robbery. (CR. 33-38, 50; ROA. 3, 130.) The jury sentenced Petitioner to confinement for forty (40) years in the Institutional Division of the Texas Department of Criminal Justice. (C.R. 41-45, 50; ROA. 3, 144). Petitioner has remained in custody pending appeal. Petitioner has remained in custody pending appeal.

## STATEMENT OF PROCEDURAL HISTORY

The opinion by the Seventh District Court of Appeals affirming the trial court's decision was handed down on March 13, 2015. Therefore, this PDR was due on April 13, 2015. A Motion for Leave to File PDR Late is being tendered herwith.

## GROUNDS FOR REVIEW

I. The Seventh Court of Appeals erred when it did not find that there was insufficient evidence to support Petitioner's conviction.

1

## REASONS FOR REVIEW

1.  The decision of the Seventh Court of Appeals conflicts with decisions rendered by the Court of Criminal Appeals.

2.  The decision of the Seventh Court of Appeals conflicts with the decisions of other courts of appeals.

3.  The decision of the Seventh Court of Appeals so far deviates from the fair administration of justice that a Court of Criminal Appeal's correction is required. *See* Tex. R. App. P. 66.3

## DISCUSSION

Petitioner was wrongfully convicted of the felony offense of aggravated robbery because the alleged victim of the crime misidentified Petitioner as the he person who robbed him. The victim misidentified Petitioner as the person who robbed him because it was too dark for the victim to see who robbed him. Thus, without the wrongful identification, the jury would not have convicted Petitioner of this offense.

U. U., the victim of this crime, lives in Carrolton, Texas, and works as a financial planner for an insurance company. (4 RR 15-17). U. U. also has a hobby as an amateur photographer who routinely contacts models on a website called Model Mayhem. (4 RR 17-19). On the night of the robbery, U. U. contacted a

2

prospective model, M., and arranged to photograph her at her apartment in Haltom City, Texas, so he could photograph her. (4 RR 21).

U. U. arrived at M.'s apartment at about 9:15 p.m. and set up for the photography shoot. An unknown male was at the apartment with M. (4 RR 24). U. U. thought the photo-shoot would take about an hour. 4 RR 26. However, it ended up lasting a lot longer and U. U. decided to leave and he went to his car. (4 RR 26). M. followed U. U. to the car so she could be paid. (4 RR 26-27). However, M. did not make it all the way to the car because her friend told her she had a phone call from her grandmother. (4 RR 26-27). Petitioner continued to his car and waited for M. to come get paid. (4 RR 27).

M. came to the car and U. U. wrote her a check. (4 RR 28). As U. U. was writing M.'s check, two men came up directly to the car. (4 RR 28). The first man pulled a gun on U. U. and as told U. U. to give him whatever he had on him. (4 RR 28-29). U. U. gave the man his wallet and cell phone. (4 RR 29-30). The second man opened the car door, ransacked the car and tool cameras, eye glasses, sunglasses, checkbook, driver's license, gift cards, and camera lenses. (4 RR 29-30).

The second man also took the monograms (decals) from U. U.'s car. 4 RR 30. After the two men left, U. U. drove away, parked at a gas station under the light, and called the police. (4 RR 34-35).

Sometime after the robbery, U. U. viewed six similar photographs at the Haltom City Police Department. (4 RR 43-44). U. U. picked the person who held the gun on him out of the photographic lineup. (4 RR 44). U. U. picked Petitioner out of the photographic line up and identified him in court as the person who had the gun and robbed him. (4 RR 45-46). On cross examination, U. U. admitted that it was very dark when the robbery happened. (4 RR 51-52). U. U. also admitted that he was focused on the weapon. (4 RR 55-56).

## ARGUMENTS

### A.    LEGALLY INSUFFICIENCY – STANDARD OF REVIEW:

When reviewing a claim of insufficiency of the evidence, the appellate court must determine, after considering all the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). In conducting this review of insufficiency, the court does not reevaluate the weight and credibility of the evidence, but only ensures that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). Whether the evidence satisfies the Jackson test is a matter of law. The *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining

4

whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

## B. ARGUMENT AND AUTHORITIES – INSUFFICIENT EVIDENCE:

The State is required to prove every element of an offense beyond a reasonable doubt. Tex. Penal Code §2.01(2003). According to the evidence adduced at trial, there is both factually and legally insufficient evidence for the jury to have found beyond a reasonable doubt that Petitioner committed the indicted offense. As a result, this Court should overturn his convictions and order an acquittal.

A person commits the criminal offense of aggravated robbery if the person uses threats force to commit a theft and uses or exhibits a deadly weapon. Tex. Penal Code §29.03(1994). The State failed to prove each and every element of the offense charged. Specifically, the State failed to prove that Petitioner was the person who committed the offense in question because of a mistaken identity and/or misidentification.

U. U., the victim of the robbery, was not able to adequately identify the person who robbed him because it was too dark to see. Therefore, the State failed to prove each and every element of the offense charged because there is insufficient evidence to show that Petitioner was one of the people who robbed U. U. evidence clearly

5

shows that Petitioner was living at the Gardenia Street residence on As a result, there is insufficient evidence to sustain Petitioner's conviction and this court must reverse his conviction.

The Seventh Court of Appeals erred when it did not find that there is insufficient evidence to sustain Petitioner's conviction and this court should reverse Petitioner's conviction.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals and that upon reviewing the judgment entered below, that this Court reverse this cause and remand it for a new trial.

Respectfully submitted,

Stickels & Associates, P.C.
P. O. Box 121431
770 N. Fielder Rd.
Arlington, Texas 76012
Phone: (817) 479 - 9282
Fax: (817) 622 – 8071
john@stickelslaw.com

BY: /S/ John W. Stickels
John W. Stickels
State Bar No. 19225300
Attorney for Jesus Efrain Abrego

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has

been furnished to counsel for the State via hand delivery and on the State Prosecuting

Attorney via regular mail on this 121st day of April, 2015.

/S/ John W. Stickels
John W. Stickels

7

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2) because it contains 1,707 words, excluding the parts of the brief exempted by Tex. R. App. P. 9(4)(i)(1).

2. This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in proportional spaced typeface using Windows Word software in Times New Roman 14-Point text and Times New Roman 12-point font in footnotes.

/S/ John W. Stickels
John W. Stickels

## **APPENDIX**

1.  Opinion of the Seventh Court of Appeals

9



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00171-CR
_____

JESUS EFRAIN ABREGO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1335057D, Honorable Mollee Westfall, Presiding

March 13, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Jesus Efrain Abrego, appeals the trial court's judgment in which he was convicted of aggravated robbery and sentenced to forty years' imprisonment.[1] On appeal, he challenges the sufficiency of the evidence to establish that he was the individual who committed aggravated robbery. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

Factual and Procedural History

Financial planner, Umer Usman, is also a photography hobbyist, and he met with a model named Megan Finster through a photography networking site. In July 2013, the two met at Finster's apartment for a photo shoot that lasted about two hours. Usman prepared to leave, and he and Finster were walking together to Usman's car discussing future photo shoots when Finster got a phone call and briefly went back inside her apartment. Usman waited near his car for her to come back out so that he could pay her per their agreement. As the two resumed their discussion about a future shoot, two men—one wielding a gun—approached Usman and robbed him of most of his belongings, including his wallet, checkbooks, cell phone, glasses, camera, photography equipment, car decals from his regular job, and even a pack of energy drinks. The two men ran from the car, and, as they did so, the gunman kept stumbling and dropping items. During that less than graceful getaway, Usman was able to get a good look at the perpetrators; at one point, the gunman stopped to look for a dropped item and looked directly at Usman.

Usman directed Finster to call the police, and he drove away from the apartment complex thinking she had done so. He parked in the street by a nearby gas station, turned on his hazard lights, and flagged down Haltom City police officer Brian Matos as he passed by.[2] Usman described the encounter to Matos, who went with Usman to the scene and spoke with Finster there as well. During his interaction with Finster, Matos noted that her behavior and demeanor were atypical of a recent victim of an aggravated

---

[2] Apparently, Finster made no attempt to summon police, and it was coincidence that Matos happened to be passing by the area and noticed Usman signaling for assistance.

robbery. He described her nervousness and her reluctance to share information with him as "very strange." While the two talked, he also noted that someone named "Bullfrog" kept calling her phone.

Matos turned over his report to the assigned detective, and, by the next day, the police had prepared a photographic line-up from which Usman was able to identify appellant. Usman indicated to the detective administering the photographic line-up that he was seventy percent certain that the individual he identified was the gunman who had robbed him the previous day.

Three days after the robbery, Officer Jason Rogers was on patrol when he noticed that a vehicle was being driven erratically and lunging forward in such a way that Rogers thought the driver might be having mechanical problems with the vehicle. He reported to dispatch that he was on a "motorist assist" call. He approached the vehicle and learned that the problem was the driver's inexperience with driving a vehicle with a manual transmission. As he was dealing with the situation, Rogers also recognized a passenger in the car as appellant, whose nickname—Bullfrog—is familiar to Haltom City police and knew that a warrant had been issued for appellant in connection with the aggravated robbery. Rogers arrested him. Appellant was charged and convicted of aggravated robbery and sentenced to forty years' imprisonment. He has appealed that conviction, contending the evidence was insufficient to support it. We will affirm.

Standard of Review and Applicable Law

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

Therefore, when the evidence would support conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of its verdict and must defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 326). The deference we are required to give a jury's verdict is perhaps most acute when it depends on the jury's evaluation of the credibility of

4

witnesses and the weight to be given their testimony. *See Speed v. State*, No. 07-13-00034-CR, 2015 Tex. App. LEXIS 171, at \*6 (Tex. App.—Amarillo Jan. 9, 2015, no pet.) (mem. op., not designated for publication) (citing *Brooks*, 323 S.W.3d at 894).

Evidence as to the identity of the perpetrator of an offense can be proved by direct or circumstantial evidence. *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (en banc) (discussing identity of perpetrator of robbery). A victim's positive identification of a defendant as the perpetrator is sufficient to support a conviction. *Cate v. State*, 124 S.W.3d 922, 928–29 (Tex. App.—Amarillo 2004, pet. ref'd) (citing *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978), and *Lopez v. State*, 815 S.W.2d 846, 849 (Tex. App.—Corpus Christi 1991, no pet.)); *see Johnson v. State*, 176 S.W.3d 74, 77 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

Analysis

The record contains direct evidence supporting the conclusion that appellant was the gunman who perpetrated the aggravated robbery. Usman testified that he was able to get a good look at the gunman as the two men fled the scene. Usman viewed a photographic line-up the very next day and identified appellant as the gunman of the duo who robbed him in the parking lot. At that time, he was seventy percent certain of his identification; he was not absolutely certain, but this identification is evidence from which the jury could assign its weight of the evidence going to identity. Further, Usman identified appellant in court as the gunman, and he was "[p]ositive" of his in-court identification. This unequivocal in-court identification is more direct evidence from

which the jury could have determined that appellant was one of the men who robbed Usman. *See Johnson*, 176 S.W.3d at 77; *Cate*, 124 S.W.3d at 928–29.

Going even further, Usman's identification of appellant as one of the perpetrators is consistent with other, circumstantial evidence supporting the conclusion that it was appellant who committed the robbery. *See Earls*, 707 S.W.2d at 85. During his investigation, Officer Matos noticed that someone identified as Bullfrog called the suspicious-acting Finster several times shortly after the robbery. He noted the name, apparently one rather familiar to Haltom City police, and passed along that information to the detective in charge of the case. That Usman independently identified the gunman as appellant, who became quickly and closely connected by nickname to the incident, buttresses appellant's connection to the robbery and serves as additional, circumstantial evidence supporting the jury's determination that appellant was one of the perpetrators of the aggravated robbery.

Because the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony and because resolution of conflicts or inferences therefrom lies within the exclusive province of the jury, it may choose to believe all, none, or some of the evidence presented to it. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008); *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995) (en banc). Here, there is sufficient evidence from which the jury could determine that appellant was one of the men who robbed Usman. We overrule appellant's sole point of error.

6

## Conclusion

Having overruled appellant's sole point of error, we affirm the trial court's judgment of conviction.  *See* TEX. R. APP. P. 43.2(a).


Mackey K. Hancock
Justice


Do not publish.