NO. 07-04-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 15, 2005

_____

ANTONIO I. TREVINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402258; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellant Antonio I. Trevino appeals his conviction of the felony offense of burglary of a habitation and jury assessed punishment, enhanced by a prior conviction, of 99 years confinement.  We will affirm.

Appellant was charged by an indictment alleging he committed burglary by entering the habitation of Jesus Gallegos with intent to commit theft.  The indictment contained an

enhancement paragraph alleging a prior felony conviction for tampering with government records. Appellant was found guilty after a three-day trial at which he was represented by appointed counsel. He perfected appeal and the trial court appointed counsel to represent him on appeal. That counsel has filed a motion to withdraw, supported by a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he represents that he has searched the record and in the opinion of counsel there is no reversible error or legitimate grounds for appeal. Appellant has also filed a brief asserting issues he contends require reversal.

The evidence at trial showed on the morning of February 10, 2003, the Lubbock Police Department received reports of burglaries of several homes located close to each other. One 911 call was made by a witness living across from the house at 2817 65th Street. The caller reported that she and her mother heard a loud "knock," and that two Hispanic men had kicked in the door of the house across the street and backed a car up to the house. The caller further reported watching the men remove property from the house and described the car, including the fact the men used a rope to secure the trunk lid over a television.

The car left the residence before police arrived but officers Juventino Calvillo and Billy Koontz, driving separate marked patrol cars, soon located it. When Calvillo attempted to stop the car, the driver turned a corner and attempted to flee. The officers pursued the car for approximately a mile and a half on residential streets where the driver exceeded the speed limit and disregarded stop signs. At one point the passenger jumped from the vehicle as it was coming to a stop and attempted to run from the officers. Calvillo testified

2

the driver put the car in reverse and backed into his patrol car before continuing several more blocks. When the driver did stop the car, he got out and unsuccessfully attempted to run from police. Calvillo identified appellant as the driver of that car. The passenger was also captured and identified as Frank Lara.

About the same time, other officers were responding to burglary reports at the homes at 2719 66th Street and 2705 66th Street, and at the home of Jesus Gallegos at 2801 66th Street. In each case a door of the residence had been kicked open. After appellant and Lara were booked into jail, an officer compared their shoes to the imprint left when the door at Gallegos' house was kicked open. The officer found the right shoe worn by Lara matched the imprint on the door. Appellant was charged only with the burglary of Gallegos' house.

At trial appellant did not testify but presented the testimony of Lara, who had pled guilty to one of the burglaries in exchange for dismissal of two other charges. Lara testified he is appellant's cousin and had asked appellant to help Lara retrieve some of his property from a former residence. Before they reached their destination the car overheated and appellant pulled into a driveway to cool it down. While appellant was working on the car, Lara walked to 66th Street and "burglarized some houses." He admitted kicking in doors and placing a number of items from the houses in two duffel bags. When he returned to the car with the bags he told appellant he still needed to pick up his television. Appellant drove to the 2817 65th Street house and backed up to the door. Lara said he brought the television to the front door and attempted to conceal the damage to the door from appellant.

3

According to Lara, when the officers attempted to stop their car, appellant asked Lara why they were being stopped. Lara speculated that appellant did not want to stop for the officers because of "a warrant."[1] Lara's testimony concerning the police pursuit was generally consistent with that of Officer Calvillo. He claimed, though, that Calvillo "slammed into the back of us," causing Lara to be thrown over the car door.

In addition to the television in the trunk, evidence showed the car contained several consumer electronics items and other household items, including several items identified as belonging to Gallegos. Photographs taken of the back seat of the car show the items but do not show the duffel bags described by Lara.

The charge to the jury included a parties charge and an instruction that mere presence alone is insufficient to make one a party to an offense. It also instructed the members of the jury they could not consider evidence of other offenses unless they found appellant committed those offenses beyond a reasonable doubt and then only for the purposes listed in Rule of Evidence 404(b). Defense counsel's argument to the jury emphasized the lack of evidence appellant entered the house he was charged with burglarizing. He did not directly argue Lara's testimony negated appellant's knowledge of the burglary.

Appellate counsel represents that he has searched the record and in the opinion of counsel there is no reversible error or legitimate grounds for appeal. The brief thoroughly

[1]Lara's testimony did not explain which of the two occupants had a warrant or what the warrant was for. No other evidence of an outstanding warrant was presented.

4

discusses the procedural history of the case and evidence presented at trial. In conformity

with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State*,

885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. ref'd), the brief discusses one potential

complaint on appeal concerning admission of extraneous offense evidence.[2] Our review

convinces us that appellate counsel conducted a complete review of the record. Appellant

has filed a pro se brief in which he raises three issues assigning error to the judgment of

the trial court. The State has not filed a brief in response.

In conformity with the standards set out by the United States Supreme Court, we will

not rule on the motion to withdraw until we have independently examined the record.

*Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If, after

reviewing the briefs submitted by appellant and his counsel, this court determines the

appeal has merit, we will remand it to the trial court for appointment of new counsel. *See*

*Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The issue discussed in counsel's brief concerns the trial court's admission of the

evidence of three uncharged burglaries, evading arrest, and aggravated assault on a public

servant that was contained within the testimony concerning the events leading to

appellant's arrest. Appellant timely objected to admission of that evidence at trial on the

basis of Rules of Evidence 404(b) and 403. Counsel correctly notes rulings on evidence

---

[2]Counsel concludes the discussion of the potential issue with the assertion the trial court erred in admitting evidence. This assertion of error is inconsistent with counsel's representation the appeal is frivolous, and is improper in an *Anders* brief. *Johnson*, 885 S.W.2d at 646.

are committed to the discretion of the trial court. *See Mozon v. State*, 991 S.W.2d 841 (Tex.Crim.App. 1999).

As counsel also notes, evidence showing extraneous offenses may be admitted if it is "same transaction contextual evidence" which provides information essential to an understanding of the context and circumstances of interwoven events. *Camacho v. State*, 864 S.W.2d 524, 532 (Tex.Crim.App. 1993). We find the trial court's admission of the evidence of other offenses occurring during the events giving rise to appellant's prosecution does not present a meritorious issue on appeal.

Appellant's well-prepared pro se brief raises three issues. The first two issues question the legal and factual sufficiency of the evidence supporting the finding he is criminally liable as a party. Appellant's third issue asserts the sentence of 99 years violates the prohibition against cruel and unusual punishment in the federal constitution. His brief correctly states the standards by which we must review challenges to the legal and factual sufficiency of the evidence and recitation of those standards here is unnecessary. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Clewis v. State*, 922 S.W.2d 128 (Tex.Crim.App. 1996).

In support of his first issue, appellant argues the evidence failed to establish a prior or contemporaneous agreement to commit an offense. He relies on *Beier v. State*, 687 S.W.2d 2, 3 (Tex.Crim.App. 1985), for the proposition that criminal liability as a party for the conduct of another requires evidence of such an agreement. We do not agree with that characterization of the holding in *Beier*.

Imposition of criminal liability on a defendant for the conduct of another is authorized by chapter seven of the Penal Code. Section 7.02(a) provides in relevant part: "A person is criminally responsible for an offense committed by the conduct of another if: (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]" Tex. Pen. Code Ann. § 7.02(a) (Vernon 2003).

In the *Beier* opinion the court began with the general statement that where the evidence shows the defendant "was not a 'primary actor,' but at most responsible for the actions of the 'primary actor,' the State must prove conduct constituting an offense plus an act by the defendant done with the intent to promote or assist such conduct." *Id.* at 3. It went on to hold physical presence during an offense and encouraging commission of the offense "either by words or other agreement" are sufficient to impose liability as a party, and that such agreement must be before or contemporaneous with the criminal event. *Id.* at 3-4. Contrary to appellant's view of the opinion, it did not hold evidence of such an agreement is always necessary to make the defendant liable as a party. In *Beier* the court found a contemporaneous agreement was merely one method by which the defendant could "encourage" commission of the offense. Section 7.02(a)(2) provides a defendant is also liable for the criminal conduct of another if he solicits, directs, aids, or attempts to aid the other with intent to promote or assist commission of the offense.

The undisputed evidence, including Lara's testimony, showed appellant's actions were not limited to encouragement of Lara; appellant aided Lara by transporting him to the area where Lara committed the burglary at issue and transporting Lara and the stolen

7

property from the area. The element appellant's argument attacks is whether his conduct was with the intent to aid the commission of the offense. Through Lara's testimony, appellant sought to show he was unaware Lara was burglarizing houses and therefore did not have the requisite intent to aid in the commission of Lara's offense.

Appellant relies on the holding of *Valdez v. State*, 623 S.W.2d 317, 321 (Tex.Crim.App. 1979), that mere presence at the scene of an offense, or flight from the scene, are insufficient to make a defendant liable as a party. Such evidence is probative of guilt and may, in combination with other facts, establish liability. *Id. See also Stroman v. State*, 69 S.W.3d 325, 329 (Tex.App.–Texarkana 2002, pet. ref'd). He argues there was no evidence that he was at the scene of the Gallegos residence on the day of the burglary.

Appellant's argument does not address the recording of the 911 telephone call made from the house across the street from 2817 65th Street, and admitted into evidence. As noted, the caller reported two Hispanic men committing burglary. She described the clothing they were wearing and their vehicle. She also recited that her mother, whose voice also appears on the tape, saw "them" kick the door open. The only objection to this evidence was a hearsay objection to the entire recording. Appellant's brief does not challenge that ruling, only the sufficiency of the evidence.[3]

Appellant acknowledges that a jury is free to accept or reject any or all of a witness's testimony. The jury in this case was faced simply with a conflict in the evidence between

---

[3]We find the statements of the caller and her mother, made while watching the offense unfold, were excited utterances and admissible regardless of whether those witnesses were available to testify at trial. Tex. R. Evid. 803(2).

8

the testimony of appellant's cousin, who had plead guilty to burglary and been convicted, and the recorded 911 statement of a disinterested party, combined with evidence of appellant's flight from police and his possession of property from the Gallegos home. The 911 call to police did not place appellant at the Gallegos house but could properly be considered as evidence controverting Lara's testimony that he acted alone. The jury could have reasonably found appellant and Lara were acting together in conducting the series of burglaries. The jury was not required to accept as true Lara's belief that appellant fled from police because of a warrant. Lara's testimony on the issue was vague and the defense presented no other evidence of a warrant. The jury's resolution of these conflicts does not present a meritorious issue concerning the legal or factual sufficiency of the evidence.

Appellant's third issue seeks determination of whether his sentence of 99 years confinement is cruel and unusual punishment in violation of the Eighth Amendment to the federal constitution. He admits this complaint was not presented to the trial court. Generally, the failure to timely raise a complaint in the trial court results in waiver of the complaint. *See* Tex. R. App. P. 33.1(a); *Solis v. State*, 945 S.W.2d 300, 301 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd). Appellant's complaint is the same as that made in *Solis*, that his sentence is disproportionate to the offense. He presents no authority suggesting the issue has not been waived, but relies on three cases for the proposition that an appellate court may consider a complaint which was not properly preserved in the interest of justice. *See Wright v. State*, 28 S.W.3d 526, 530 (Tex.Crim.App. 2000) (procedure used to appoint counsel); *Perryman v. State*, 798 S.W.2d

9

326, 329 (Tex.App.–Dallas 1990, no pet.) (admission of evidence), *Boggs v. State*, 643 S.W.2d 180 (Tex.App.–Tyler 1982, no pet.) (admission of evidence). These cases did not concern challenges to the constitutionality of a sentence within the limits set by the legislature.

Even if we were to consider the issue, the primary authority on which appellant relies, *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983), is no longer controlling law. It has long been the general rule that assessment of a punishment within the limits set by the legislature will not be disturbed on appeal. *See Nunez v. State*, 565 S.W.2d 536, 538 (Tex.Crim.App. 1978). In *Solem* the court recognized an exception to the general rule applicable when the sentence imposed was "grossly disproportionate" to the offense. 463 U.S. at 284-92.

In *Harmelin v. Michigan*, 501 U.S. 957, 115 L.Ed. 2d 836, 111 S.Ct. 2680 (1991), Justice Scalia wrote "*Solem* was simply wrong, the Eighth Amendment contains no proportionality guarantee." 501 U.S. at 965. A majority of the court did not join in that holding. As analyzed by the Fifth Circuit, seven members of the *Harmelin* court supported an Eighth Amendment guarantee against disproportionate sentences. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). Only four justices supported continued application of the factors used in *Solem*. *Id.* The Fifth Circuit concluded disproportionality analysis survived *Harmelin*, but the analysis set out in *Solem* did not. *Id. See also Lockyer v. Andrade*, 538 U.S. 63, 77, 155 L.Ed.2d 144, 123 S.Ct. 1166 (2003) (gross disproportionality presents constitutional violation only in extraordinary cases).

In *Thomas v. State*, 916 S.W.2d 578 (Tex.App.–San Antonio 1996, no pet.), the San Antonio Court of Appeals agreed with the analysis in *McGruder* and found it could review a sentence to determine whether it is grossly disproportionate to the crime. *Id.* at 583. Only after determining the sentence is grossly disproportionate to the offense should a court consider other factors which bear on the claim, including those discussed in *Solem* and sentences for similar crimes. *Id. See also Vrba v. State*, 69 S.W.3d 713, 724 (Tex.App.–Waco 2002, no pet.). Where the defendant's sentence is enhanced by a prior conviction, a reviewing court considers the defendant's criminal history. *See id.* It may also consider the possibility of parole. *Thomas*, 916 S.W.2d at 584.

Assuming, arguendo, appellant's sentence were viewed as grossly disproportionate, other factors support the proportionality of the sentence. The evidence established appellant had four prior felony convictions including tampering with a government record,[4] two for forgery, and attempted retaliation. It also showed juvenile offenses including unlawful carrying of a weapon, and property offenses.

Appellant's brief cites numerous Texas opinions reciting punishments for burglary of a habitation of between 2 and 60 years. Only one of those cases concerned liability as a party. In that case the defendant received a sentence of 20 years. *See Michael v. State*, 864 S.W.2d 104 (Tex.App.–Dallas 1993, no pet.). That opinion indicated the defendant had an unspecified prior criminal history. Appellant's multiple prior felony convictions provide

---

[4]The jury was also aware, and we may consider, the fact that appellant was placed on probation for this offense and had his probation revoked.

11

ample distinction between that case and appellant's sentence. We find appellant's third issue is not meritorious.

We have conducted an independent review of the record to determine whether there are any arguable grounds for appeal. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct 346, 102 L.Ed. 2d 300 (1988); *Nichols*, 954 S.W.2d at 86. We have found no such grounds and agree with appellate counsel that the appeal is without merit. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974). Accordingly, counsel's motion to withdraw is granted and we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.